## CATHARINE HUNGATE *et al.*

*v.*

## BENJAMIN F. REYNOLDS.

1. PRINCIPAL AND AGENT—*administrator liable for fraudulent act of agent.* Where the agent of an administrator, in his name, made an illegal and fraudulent sale of property under a chattel mortgage given to his intestate, it was *held*, that he was liable to the mortgagor for the difference between the mortgage debt and the value of the property so illegally sold, notwithstanding he was himself not guilty of any wilful default or fraud.

2. ADMINISTRATOR—*liability of, for fraudulent sale under chattel mortgage to intestate.* Where property is fraudulently sold by an administrator, under a chattel mortgage given to his intestate, for less than its value, the mortgagor not only has a remedy against the administrator personally, for the value of the property over and above the mortgage debt, but he is entitled to have the value of the property applied to the extinguishment of the debt to the estate.

3. CHATTEL MORTGAGE—*sale of property in parcels, or separately—remedy in equity.* At a sale under a chattel mortgage, ten head of horses were offered and sold in one lot, to the agent of the mortgagee, for less than the mortgage debt, there being other persons present who wished to purchase a portion only of the horses, some of whom suggested that they be sold separately. Upon a bill filed by the mortgagor to have the note and mortgage surrendered and canceled, and that the mortgagee pay to complainant the difference between the amount remaining due upon the mortgage debt after deducting the amount for which the horses sold, and the reasonable value of the horses, or what they would have sold for if sold separately, it was *held*, that the case was properly cognizable in equity, and that complainant was entitled to the relief prayed for.

4. CHANCERY—*hearing while cross-bill remains undisposed of.* Where it appears from the record that a cross-bill was filed, but no steps whatever taken under it, and the parties voluntarily go to a hearing, the cross-bill may be regarded as having been abandoned.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. B. B. SMITH, Messrs. SMITH & HOFF, and Messrs. HENRY & HITCHCOCK, for the appellants.

Mr. W. B. COOPER, and Mr. H. H. CHESLEY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 20th of September, 1871, Benjamin F. Reynolds made a chattel mortgage of twelve horses to Jackson P. Hungate, to secure the payment of his promissory note to the latter for $838.50. Hungate died March 9, 1872, leaving Catharine Hungate, his widow, and George Hungate and John Hungate, his only heirs. Catharine Hungate was appointed administratrix of his estate. The note fell due March 20, 1872, and default being made in its payment, ten of the horses were sold under the mortgage on the 30th of March, 1872, for the sum of $600. Catharine Hungate, the administratrix, being sick, was not present at the sale. She instructed George Hungate to get an auctioneer to sell the horses, and he engaged one Griffin for the purpose, who made the sale as auctioneer. George Hungate was present, and, by his direction, Griffin offered all the horses for sale in one lot, and the ten together were struck off and sold to George Hungate, as the highest bidder, for $600, although there were bystanders present who wished to purchase a portion only of the horses, some of whom, as also the auctioneer himself, suggesting that the horses should be sold separately.

This bill was filed by Reynolds against Catharine Hungate, the administratrix, and George Hungate, asking for a decree that the note and mortgage should be surrendered up to the complainant, to be canceled, and that the defendants should pay to the complainant the difference between the amount remaining due upon the note after deducting the $600 made by the sale of the horses, and the reasonable value of the

horses, or what they would have sold for, if they had been sold separately.

The court decreed accordingly, finding that the horses, if sold separately, would have brought $1250, and decreeing that the defendants pay to the complainant $317, and that the note and mortgage be surrendered up to be canceled.

The defendants bring the case here by appeal.

There is no attempt on the part of the appellants to maintain this sale as a valid one, but it is objected that there should have been no decree against Catharine Hungate to pay any sum whatever to the appellee, because she was herself guilty of no wilful default or fraud. But George Hungate was her agent in the making of the sale, and we think she should be answerable for his acts, under the doctrine that the principal is liable to third persons for the misfeasances, negligences and omissions of duty of his agent. Story on Agency, sec. 308.

The property having been sold under what may be regarded as a trust created by the chattel mortgage, we deem the case properly cognizable in equity as one of a breach of trust.

The position next taken by appellants is, that, if there be any liability on the part of Catharine Hungate, the administratrix, it is for a personal wrong committed by her, for which she should answer out of her personal estate; and that it was erroneous to allow a recovery therefor out of the assets of the estate, as was virtually done by the decree, in requiring the note and mortgage belonging to the estate to be surrendered up in part of the recovery. It is true that the cause of complaint was a personal wrong of the administratrix, as for which the complainant recovers $317, being the excess which he was found entitled to recover, over and above the amount of the note and mortgage.

The property was placed in the mortgagee's hands for the purpose of being appropriated for the satisfaction of the note, and the mortgagor had the right to have it faithfully applied for that purpose. The administratrix of the mortgagee, in the exercise of the power of sale contained in the mortgage, having made an illegal disposition of the property, and placed it

beyond reach, the mortgagor is entitled to recover the value of the property; the recovery is in the stead of the property, and the mortgagor is entitled to have it go in extinguishment of the note and mortgage, the same as the mortgaged property itself, if it were on hand to be so applied. We perceive no error in the decree in this respect.

The evidence as to the value of the horses was conflicting. Upon examination of it, we find no sufficient ground for reversing the finding of the court below in regard to such value.

It is assigned for error that the cause was heard while the cross-bill of Catharine Hungate remained unanswered, or in anywise disposed of. Such a cross-bill does appear in the record, and that is all. The record states merely that it was filed, and takes no further notice, and makes no other mention of it. No steps whatever having been taken under the cross-bill, and the parties having voluntarily gone to the hearing without any objection, the cross-bill may be regarded as having been abandoned.

Finding no error in the record, the decree is affirmed.

*Decree affirmed.*