JAMES H. PURDY *et ux.*

*v.*

RUTH A HENSLEE *et al.*

*Filed at Mt. Vernon February 3, 1881.*

1.  CHANCERY PRACTICE—*right of complainant to dismiss his bill.*   Under our practice a complainant in chancery has the right, at any time before decree is rendered, to dismiss his bill, unless a cross-bill has been filed.

2. In a suit in chancery, upon the hearing the chancellor orally announced his own conclusions, which were adverse to the complainant, and thereupon, before any formal decree was entered, the complainant asked leave to dismiss his bill, which was granted, and the bill was dismissed, against the defendant's protest. It was *held*, there being no cross-bill filed, the court made a proper disposition of the case.

3. Cross-bill—*what constitutes—of the answer as a cross-bill.* A defendant in a suit in chancery can not make his answer a cross-bill, and under it obtain any specific decree in his favor. And conceding, as intimated in ·*Theilman* v. *Carr*, 75 Ill. 385, that there·is no objection, after concluding the answer, to proceed right along on the same piece of paper, and state the matter of the cross-bill—(and that is all that is intimated in that case touching the question as to what is requisite to constitute a cross-bill,) yet the statement should be sufficient to constitute a cross-bill if disconnected and a proper heading attached. If the answer is to be treated as a cross-bill, it should have the substantial requisites of a cross-bill. All parties in interest should be brought before the court and required to answer its allegations, or, at least, given an opportunity to do so,—and there should be such a prayer as will indicate that the appropriate relief is desired.

4. Same—*party filing, must take steps to have it answered.* It is the duty of a party who files a cross-bill to take steps to have it answered, and where no such steps are taken and the parties voluntarily go to a hearing, the cross-bill may be regarded as abandoned.

5. Publication — *what parties affected by.* A publication of notice to " the unknown heirs and legal representatives of " a deceased person, is not sufficient to bring before the court the known heirs of such person's deceased wife, whose interests are subsequently disclosed by the pleadings, on a bill for partition.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. R. F. Wingate, for the appellants:

A defendant in a chancery suit for partition may, after fully answering the bill, state new matter entitling him to affirmative relief, as he would in a cross-bill, and praying in conclusion for the relief sought. *Theilman et al.* v. *Carr et al.* 75 Ill. 385.

The defendant's answer was, in substance and effect, a cross-bill. *Kuntz* v. *Hibard*, 55 Ill. 449.

Notwithstanding the dismissal of the bill, the court should have retained the cause upon the new matter set up in the

answer, and decreed a partition of the land according to the rights, titles and interests of the parties, removing all clouds, and have vested the title in the parties in interest according to the facts and conclusions of law as found by the court.

This position is not only in harmony with the reason and spirit of the rules of practice in chancery in this class of cases, but is fully sustained by this court in the case of *Ralls et al.* v. *Ralls et al.* 82 Ill. 243.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Ruth A Henslee and Lydia L. Heywood filed their bill in equity, for partition, claiming therein to . be seized in fee of certain undivided interests in the lands therein described. The appellants and numerous others, among whom were the unknown heirs and legal representatives of Thomas Osburn, deceased, were made defendants. Appellants alone appeared to the suit, and they filed what, in the introductory part, professes to be, and what, in its body, in fact appears to be, an answer to the bill. In this they show, by facts stated, that the complainants have no interest whatever in the land described in the bill; that Thomas Osburn never had any title therein which could descend to his heirs at law, and that said land is owned chiefly by the appellant Louise J. Purdy, and certain heirs at law (whose names are given) of Susannah Osburn, deceased, (who was the wife of the said Thomas Osburn, deceased,) as tenants in common. It concludes as follows: "And these respondents having answered said amended bill, pray that the said Oliver P. Osburn, Norman E. Osburn, George L. Osburn, Ann Clara Osburn, Araminta Osburn and Phœbe Osburn may be ordered to be made parties to this suit, and summoned into this court as such, and pray that the said bill be dismissed, and that these respondents may have judgment for their costs in this behalf most unjustly sustained, and that your Honor may be pleased to grant such other and further relief in the premises as is authorized by

the law of this State in that behalf made and provided, and as to equity and good conscience may appertain, and as in duty bound they will ever pray," etc.

General replication was filed, and the cause subsequently coming on to be heard, after hearing the evidence, the Chancellor orally announced his conclusions thereon, which are, in substance, that the interests of the parties were as set forth in the answer, and thereupon, before any formal decree was entered, complainants asked leave to dismiss their bill of complaint, which was granted, and the bill was dismissed, against appellants' protest.

This action of the court, in allowing complainants to dismiss their bill of complaint, presents the only ground urged for reversing the decree below.

By the English chancery practice, the complainant retains the absolute control of the suit, and may dismiss it, if he chooses, at any time before decree actually rendered. 1 Smith's Chancery Practice (2d Am. ed.), 312; 1 Daniell's Chancery Practice (Perkins' ed.), 797–8, and note 1 on latter page.

Our statute, however, provides that "no complainant shall be allowed to dismiss his bill, after cross-bill has been filed, without the consent of the defendant." Rev. Stat. 1874, ch. 22, title "Chancery," sec. 36. And so we have held a complainant has the right, at any time before decree is rendered, to dismiss his bill, unless a cross-bill has been filed. *Mohler et al.* v. *Wiltberger*, 74 Ill. 163. See also *McConnel et al.* v. *Smith, Admr., etc.*, 23 id. 611.

Since no decree was here actually rendered, the only inquiry is, was a cross-bill filed before the complainants asked and obtained leave to dismiss their bill. What defences may be interposed and what relief obtained under an *answer*, without a cross-bill, is wholly irrelevant, for it is the filing of a *cross-bill*, not this or that kind of an *answer*, which, under the statute, will take from the complainant the right to dismiss his bill before decree rendered, and this alone.

In *Ballance* v. *Underhill*, 3 Scam. 453, the defendants filed their answers, and for the purpose of defeating the relief sought by the bill, they each set up a state of facts, not only sufficient to defeat the relief sought by the bill, but sufficient, if properly presented for that purpose, to entitle them to affirmative and positive relief against the complainant. In addition to the usual prayer that the bill be dismissed with costs, they also asked for specific relief against Ballance, and the defendant, Frisby, in his answer, also prayed that his answer might " be taken and treated as a cross-bill."

In discussing whether this answer should be treated as a cross-bill, the court said: " To ascertain this, it is necessary to look into the practice of courts of chancery in cases of cross-bills. * * * So far as the practice and proceedings are concerned, there is no difference between a cross and an original bill." And after showing the practice in regard to cross-bills, it is added: "This short review of the practice in relation to cross-bills, is sufficient to show that Frisby's answer did not, nor could it, become a cross-bill, by his simply requesting that it might be so treated. It has none of the features of a bill in chancery, nor was it ever afterwards treated as such by any of the parties."

In *McConnell* v. *Hodson et al.* 2 Gilman, 640, Hodson answered the bill, and, at the conclusion of the answer, added a prayer for specific relief, and that his answer might be taken and considered a cross-bill. The court said: "A defendant in a suit in chancery can not make his answer a cross-bill and under it obtain any specific decree in his favor. In this way he can not obtain affirmative relief, even although the parties may elect to consider the answer a cross-bill. It is contrary to the established practice of the courts of chancery, both in England and this country. If in this, or in any other similar proceeding, the parties in interest desire the interposition of a court of equity in their behalf, they must file their bill, and therein state specifically their causes of complaint."

It has, moreover, been held, in general terms, in the following cases, that a court has no power to decree affirmative relief on an answer, and this can only be done on bill or cross-bill praying such relief—though, in none of them does it appear, as in the cases above, that it was asked to have the answer treated as a cross-bill. *Edwards* v. *Helm,* 4 Scam. 142; *Tarleton* v. *Vietes,* 1 Gilm. 470; *McConnel* v. *Smith;* 23 Ill. 611; *Mason et al.* v. *McGirr et al.* 28 id. 322; *McCagg* v. *Heacock,* 42 id. 153; *Hanna* v. *Ratekin,* 43 id. 462; *Titsworth* v. *Stout,* 49 id. 78; *Norman* v. *Hudleston,* 64 id. 11; *Price* v. *Blackmore,* 65 id. 386. Conceding, as intimated in *Thielman et al.* v. *Carr et al.* 75 Ill. 385, that there is no objection, after concluding the answer, to proceed right along on the same piece of paper, and state the matter of the cross-bill—(and that is all that is intimated in that case touching the present question)—the statement should be sufficient to constitute a cross-bill if disconnected and a proper heading attached.

There was here no distinct statement of matters for a cross-bill, after the conclusion of the answer—no parties were required to answer a cross-bill, and no specific relief was prayed. So that, if this answer shall be held to be a cross-bill, no reason is perceived why every answer which, in addition to denying the right of the complainant, sets up some affirmative right in the defendant, shall not be held a cross-bill, thus overruling the long line of decisions to which we have referred.

If this answer was to be treated as a cross-bill, it should have had the substantial requisites of a cross-bill. All parties in interest should have been brought before the court and required to answer its allegations, or, at least, have been given an opportunity to do so—and there should have been such a prayer as indicated that the appellants desired partition.

The heirs at law of Susannah Osburn, deceased, were not before the court—for it can not be pretended that a publica-

tion to the "unknown heirs and legal representatives of Thomas Osburn, deceased," would be sufficient to bring them before the court—and no effort seems to have been made in that regard. It does not appear by the answer that appellants desire partition. They desire, in addition to the dismissal of the bill, general relief, it is true,—but the holding of real estate by parties entitled thereto, as tenants in common, involves no legal or equitable wrong, except where it is against the will of some of the tenants. They may enjoy property thus for years, and share the proceeds and divide the burdens, without desiring a partition. The mere fact that land is held by tenants in common, gives a court of equity no right to interfere with it. If the parties become dissatisfied in thus holding it, and are unable to divide it among themselves, they may then invoke the aid of chancery, and the statement of these facts would authorize the court to act.

But it does not appear by this answer that appellants, and those whom it shows to be tenants in common with them, are dissatisfied to hold the property longer as tenants in common; —that they are unable to effect a partition among themselves, and desire the appointment of commissioners, etc.—to effect partition. Here, as in *Ballance* v. *Underhill, supra,* it is quite clear the parties did not themselves, even, treat and regard this answer as a cross-bill.

But, even if the answer had been far more in the nature of a cross-bill than it is, it is the duty of a party who files a cross-bill to take steps to have it answered,—*Reed et al.* v. *Kemp,* 16 Ill. 445,—and where no steps are taken under a cross-bill after it is filed, and the parties voluntarily go to a hearing, the cross-bill may be regarded as abandoned. *Hungate et al.* v. *Reynolds,* 72 Ill. 425.

The decree below is affirmed.

*Decree affirmed.*