O. H. PARKE

v.

BIDDY A. BROWN ET AL.

</div>

1. PRACTICE—DECREE PRO CONFESSO.—A decree *pro confesso* only con-
cludes a party to the extent of the averments in the bill; the defendant can
not in case of such a decree object to the sufficiency of the proof, but on error
he may insist that the averments of the bill do not justify the decree.

2. BILL TO QUIET TITLE.—A bill to quiet title did not aver that com-
plainant was the owner or in possession at the time the bill was filed.
*Held*, that this averment, being the very ground of complainant's right,
can not be left to inference, but must be proved. The allegation in the bill,
that complainant was seized of title more than two and a half years before
the bill was filed, will not justify the inference that she was seized on the day
the bill was filed. The allegation that the mortgage depreciates complain-
ant's title is a mere inference which is not admitted by a default.

3. NECESSARY AVERMENTS IN BILL TO QUIET TITLE.—A bill to quiet

title must aver either that complainant was in possession of the premises or that they were unimproved and unoccupied at the time the bill was filed.

4. PLEADING—CROSS-BILL.—An answer which has none of the features of a bill in chancery, makes no parties defendant to it, calls on no one to answer it, can not become a cross-bill by simply asking that it be so treated. And even if such answer could, in this case, be treated as a cross-bill, it was error to take a decree upon it without either an answer or a rule to answer.

ERROR to the Circuit Court of Schuyler county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 16, 1883.

Mr. WM. L. VANDEVENTER and Mr. THOMAS A. CARTER, for plaintiff in error; that the bill to quiet title must show that party was in possession of the land at the time of the commencement of the suit, or that at that time the land was unimproved and unoccupied, cited Gage v. Griffin, 103 Ill. 41; R. S. 1874, Chap. 22, § 50; Oakley v. Hurlbut, 100 Ill. 204; Hardin v. Jones, 86 Ill. 313; Gage v. Abbott, 99 Ill. 367; Emery v. Cochran, 82 Ill. 65.

A default only admits facts well pleaded and not mere inferences or presumptions: Cronan v. Frizell, 42 Ill. 319; Madison Co. v. Smith, 95 Ill. 328; Augustine v. Doud, 1 Bradwell, 588.

A party can not avail himself of any fact established by proof, which has not been alleged in the bill: McKay v. Bissett, 5 Gilm. 499; Bowen v. Bowles, 21 Ill. 17; White v. Morrison, 11 Ill. 361; Tuck v. Downing, 76 Ill. 71; Taylor v. Merrill, 55 Ill. 52; Kellogg v. Moore, 97 Ill. 282.

Unless the allegations are sufficient to support the *theory* of the bill, the bill can not be sustained: Kellogg v. Moore, 97 Ill. 287; Bryan v. Howland, 98 Ill. 626; Morgan v. Smith, 11 Ill. 194; Ohling v. Luitjens, 32 Ill. 23; Spurck v. Forsyth, 40 Ill. 438.

The allegations of the bill being insufficient to sustain the decree, it may be reversed on error though defendant made default: Gault v. Hoagland, 25 Ill. 266; Martin v. Hargardine, 46 Ill. 323; Rutz v. Calhoun, 100 Ill. 392; Miller v. Adams, 4 Scam. 195.

Parke v. Brown et al.

To enter a decree on a cross-bill without an answer or a rule to answer, is error: Blair v. Reading, 99 Ill. 600; Purdy v. Henslee, 97 Ill. 390; Thielman v. Carr, 75 Ill. 385; Beauchamp v. Putman, 34 Ill. 378; 2 Dan Ch. Pl. and Pr. 1648.

A cross-bill must be germane to the original bill: 2 Dan. Ch. Pl. and Pr. 1649; Thompson v. Shoemaker, 68 Ill. 256; Lund v. S. E. Bank, 96 Ill. 181.

It is necessary to maintain a cross-bill that relief sought be equitable as contra-distinguished from legal: Tobey v. Foreman, 79 Ill. 489; Story's Eq. Pl. § 398: Calverly v. Williams, 1 Ves. Jr. 211; Mason v. Gardiner, 4 Bro. C. C. 437.

The remedy in this case is by an action of assumpsit to recover back the money and not by bill in chancery: 1 Dan. Neg. Ins. § 670; Mays v. Callison, 6 Leigh, 230; Blething v. Lovering, 58 Me. 437.

The general rule is that a party challenging his adversary's right to relief in a court of equity, must do so in court below: Stout v. Cook, 41 Ill. 447; Dodge v. Wright, 48 Ill. 383; Hickey v. Foristal, 49 Ill. 212; Whittington v. Ross, 8 Bradwell, 234.

A complainant in a cross-bill need not show as against complainant in original bill, any ground of equitable relief: 2 Barb. Ch. Pr. 131; Field v. Schiefflin, 7 Johns. Ch. 307; Sterl v. Sterl, 2 Bradwell, 223; Burgess v. Wheate, 1 Blacks. 132.

The rule, however, requiring the objection to be made below, only obtains where it is the party's duty to take notice of the bill: Gage v. Griffin, 103 Ill. 41; 1 Greenl. on Ev. § 178; Rust v. Mansfield, 25 Ill. 336; Pensonean v. Pulliam, 47 Ill. 58; Rector v. Rector, 3 Gilm. 105; Martin v. Dryden 1 Gilm. 187.

A rescission of a contract will never be decreed, unless the parties can be placed *in statu quo:* Buchenan v. Horney, 12 Ill. 336; Bowen v. Schuler, 41 Ill. 192; Ryan v. Brant, 42 Ill. 78; Smith v. Doty, 24 Ill. 163; Wolf v. Dietzsch, 75 Ill. 205; Smith v. Brittenham, 98 Ill. 188; Carmal v. May, 2 Marsh, 587; Kimball v. Cunningham, 3 Am. Dec. 230; Durrett v. Simpson 3, Monroe, 517; Coolidge v. Bingham, 1 Met. 550; Summer v. Parker, 36 N. H. 449; Jennings v. Gage, 13

Ill. 610; Kimball v. Lincoln, 7 Bradwell, 470; Gatting v. Newell, 9 Ind. 578; Taylor v. Porter, 25 Am. Dec. 56; Poor v. Woodburn, 25 Vt. 234; 2 Pars. on Cont. 679; Story on Contracts, §§ 844, 977; Chitty on Contracts, 641; Benjamin on Sales, § 445; 2 Kent Com. 650; Johnson v. Walker, 26 Ark. 196.

Messrs. MONTGOMERY & GLASS and Messrs. WINTER & BAGBY, for defendants in error; that the informalities in the stating part of the bill should have been taken advantage of by demurrer, cited Story's Eq. Pl. §§ 605, 607, 441, 528; McCloskey v. McCormick, 44 Ill. 336; Pogue v. Clark, 25 Ill. 351.

Objections to such defects can not be made for the first time in error to this court: Scott v. Bennett, 1 Gilm. 646; Dow v. Seely, 29 Ill. 495.

As to what is necessary to appear in a bill to quiet title: Emery v. Cochran, 82 Ill. 65.

A decree of a court of chancery on a bill of peace, operates by way of estoppel as to the title to the land and concludes the parties to it: Orton v. Smith, 18 How. 263.

The assignee takes only an equitable interest in the mortgage security which subjects it to all the equities that would be avoidable against the mortgage: White v. Sutherland, 64 Ill. 181; Edgerton v. Young, 43 Ill. 464; Walker v. Dement, 42 Ill. 272.

As to cases of fraud equity will relieve against: Lewis v. Lanphere, 79 Ill. 192.

As to the right of a cross-bill: Blair v. Reading, 99 Ill. 600; Edwards v. Helm, 4 Scam. 142.

All that is required of a cross-bill is that it should be confined to the subject-matter of the original bill: Thompson v. Shoemaker, 68 Ill. 256; Robins v. Robins, 68 Ill. 179; Ballance v. Underhill, 3 Scam. 453.

HIGBEE, J. On March 22, 1882, Biddy A. Brown, one of the defendants in error, exhibited in the court below, her bill of complaint, alleging that on September 11, 1879, she ex-

ecuted to plaintiff in error, O. H. Parke, six promissory notes for $200, each due in one, two, three, four, five and six years after date, with interest at the rate of eight per cent. per annum from date, and to secure said notes, she at the same time executed and delivered to Parke a mortgage on certain real estate in said county, which was recorded in the recorder's office on the same day.

The bill avers that complainant was the owner of the land at the time of the execution of said mortgage; that she paid said notes in full to said Parke on October 1, 1879, who retained the notes at the time, but promised to cancel and deliver the same up to her and to enter full satisfaction of said mortgage of record. That said Parke fraudulently retained said notes and refused to enter satisfaction of said mortgage. The bill made Crohe a defendant with Parke, and alleged that he claimed some interest in the notes and mortgage; that the mortgage was a cloud upon her title, which she prayed to have canceled.

The defendants to the bill were both served with process; Parke defaulted and Crohe answered averring that he had purchased said notes from Parke on January 28, 1882, paying him therefor the sum of $1,200; Parke then representing that the mortgage was a subsisting lien on the land, and that the notes were wholly unpaid. Parke indorsed the notes without recourse; prayed that his answer be taken as a cross-bill; that Parke be decreed to refund to him said sum of $1,200 and interest thereon, fraudulently obtained from him as the consideration for said notes.

The decree of the court was that the mortgage be vacated and set aside as a cloud on complainant's title; that said mortgage be given up to complainant to be canceled and that Parke pay Crohe $1,200, with six per cent. interest in thirty days.

The first error assigned questions the sufficiency of the bill to justify the decree rendered against plaintiff in error.

The decree *pro confesso* only concludes the party to the extent of the averments in the bill; the defendant can not, in case of such a decree, object to the sufficiency of the proof,

but he may on error, insist that the averments of the bill do not justify the decree. Gault v. Hoagland, 25 Ill. 266; Martin v. Hargardine, 46 Ill. 323; Gage v. Griffin, 103 Ill. 41.

The bill alleges that complainant was, on the 11th day of September, 1879, the day the mortgage was executed, the owner of the land from which she seeks to remove the cloud. It does not aver that she was the owner or in possession at the time the bill was filed, and the allegation that the mortgage depreciates complainant's title is a mere inference which is not admitted by the default. Cronan v. Frizell, 42 Ill. 319; Madison Co. v. Smith, 95 Ill. 328; Augustine v. Doud, 1 Bradwell, 588.

The allegation that complainant was seized of title more than two years and a half before the bill was filed will not justify the inference that she was seized on the day it was filed. This averment being the very ground or gravamen of the complainant's right, can not be left to inference, but must be proved. Spurck v. Forsyth, 40 Ill. 439.

But even if the allegation of title in the complainant were sufficient, the bill is fatally defective in not averring either that she was in possession of the premises or that they were unimproved and unoccupied at the time the bill was filed. These are the only cases, since the Act of 1869, in which a party may file a bill to quiet title or remove a cloud from the title to real property. Emery v. Cochran, 82 Ill. 65; Gage v. Abbott, 99 Ill. 367; Oakley v. Hulburt, 100 Ill. 204; R. S. of 1874, p. 204.

It is also contended by plaintiff in error that the court erred in granting Crohe affirmative relief on his answer as a cross-bill. The statute provides, Sec. 30, Chap. 22, R. S., 1880, p. 190, that: "Any defendant may, after filing his answer, exhibit and file his cross-bill, and call upon the complainant to file his answer thereto, in such time as may be prescribed by the court." By the general practice of a court of chancery, independent of the statute, there is no difference between a cross and an original bill. Crohe's answer had none of the features of a bill in chancery, it made no parties defendant to it, it called on no one to answer it, nor was it ever afterward treated as such. It could not become a cross-bill by simply

asking that it be so treated. Purdy v. Henslee, 97 Ill. 389, and authorities there cited.

Even if the answer could be treated as a cross-bill it was clearly erroneous to take a decree upon it without either an answer or a rule to answer. Blair v. Reading, 99 Ill. 600.

The parties voluntarily went to trial without taking any steps to have the cross-bill answered and must be regarded as having abandoned it. Purdy v. Henslee, *supra;* Huntgate v. Reynolds, 72 Ill. 425; Reed v. Kemp, 16 Ill. 445.

We are also of opinion that the decree should have required Crohe, upon the payment of $1,200, to surrender up the six notes to complainant to be canceled.

For these errors the decree is reversed and the cause remanded.

Reversed and remanded.