McCann v. O'Connell.

---

### Maggie McCann v. James O'Connell and John McGovern.

1. DECREES—*Do Not Affect Persons Not Parties to the Suit.*—A decree can not affect the judgment creditors of a person not a party to the suit in which it is entered, not themselves parties, and it is immaterial whether their judgments were obtained before bill filed, or *pendente lite.*

2. CHANCERY PRACTICE—*No Affirmative Relief upon an Answer.*— In chancery proceedings no affirmative relief can be granted upon a mere answer; a cross-bill should be filed.

Memorandum.—Bill to remove a cloud upon title. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed July 2, 1894.

The opinion states the case.

APPELLANT'S BRIEF, M. J. DUNNE, ATTORNEY.

A creditor of a trustee can not, even at law, reach the property of the *cestui que trust.* Smith v. McCann, 24 How. 398; Baker v. Copenbarger, 15 Ill. 103; Elliott v. Armstrong,

2 Blackf. 198; Houston v. Nowland, 7 Gill & J. 480; Bancroft v. Cousen, 13 All. 50; Ashurst v. Givin, 5 Watts & S. 323; Wilhelm v. Falmer, 6 Barr. 296; Shryoch v. Waggoner, 28 Pa. St. 430; Hart v. Farmers' Bank, 33 Vt. 252; Abell v. Howe, 43 Vt. 403.

A judgment against a trustee personally is not a lien on the trust estate. Am. and Eng. Enc. Law, Vol. 12, p. 110; Hays v. Reger, 102 Ind. 524; Holmdel Co. v. Conover, 34 N. J. Eq. 364; Huntt v. Townshend, 31 Mo. 336; Moore v. Flynn et al., 135 Ill. 74.

The purchaser of real estate or any interest therein is chargeable with notice of the rights of any person in possession. Roger v. Lomax, 22 App. 628; Harland v. Eastman, 119 Ill. 22; Weber v. Curtiss, 104 Ill. 309; White v. White, 89 Ill. 460; Haworth v. Taylor, 108 Ill. 275.

Proof of possession of land by a party claiming to be the owner in fee, is *prima facie* evidence of his ownership and seizin in fee simple. Davis v. Easley, 13 Ill. 192; Bargin v. Hobbs, 67 Ill. 592; Keith v. Keith, 104 Ill. 397; Harland v. Eastman, 119 Ill. 22; Anderson v. McCormick, 129 Ill. 308.

*Lis pendens* is constructive notice; that is, a suit, pending in the public courts, concerning the title to the property purchased, is constructive notice to purchaser. Perry on Trusts, Sec. 223, p. 276, 3 Ed.

*Lis pendens* is notice to the world of complainant's equities. Douglas v. Davis, 23 Ill. App. 618.

A purchaser *pendente lite* is chargeable with notice of the bill in respect to the subject-matter of his purchase. M. Savings Bank v. Schott, 135 Ill. 669; Grant v. Bennett, 96 Ill. 513; Ellis v. Sisson, 96 Ill. 105.

MR. JAMES MAHER, also for appellant.

An assignee of a judgment takes it subject to all the equities subsisting between the original parties, and he will not be protected as a *bona fide* purchaser under such judgment if it shall be erroneous. The assignee does not by assignment become vested with the legal interest, but only the beneficial interest, and he takes the judgment subject to

all the equities existing against it. McJelton v. Love, 13 Ill. 486.

He who meddles with property which is the subject of litigation or of a decree, becomes a party to that litigation or decree; the purchaser of such property or right in property is in reality a party to the proceedings. Jackson v. Warren, 32 Ill. 340.

If the assignee, purchaser of a judgment or of a mortgage, has notice of any equities of the real owner of the land, he takes subject to those equities. Sumner v. Waugh, 56 Ill. 531.

A purchaser *pendente lite* is concluded. Gould v. Hendrickson, 96 Ill. 599.

James O'Connell, attorney *pro se.*

P. McHugh, attorney for John McGovern, appellee.

Mr. Justice Gary delivered the opinion of the Court.

December 24, 1891, the appellant filed her bill to remove, as a cloud upon her title, some judgments.

She claimed title under a deed from Thomas McCann to her husband, James McCann, dated January 14, 1889, recorded April 15, 1891, and a deed from her husband to herself dated and recorded June 16, 1891.

O'Connell is the assignee of some judgments against Thomas McCann, on which he claims, however, much less than the nominal amount due upon two of them, one rendered October 4, 1888, for $600, in favor of Timothy E. Ryan, and one rendered April 26, 1889, for $1,006.70, in favor of Philip Best Brewing Company. John McGovern has a judgment for $433.40 against Thomas McCann, rendered March 4, 1891.

All these judgments appear, therefore, to be liens upon the land, being rendered before the deed from Thomas McCann to James McCann was recorded.

The defendant seeks to have them removed, not by reason of any equities in her favor or in favor of her grantor,

her husband, against the judgments, but upon the ground that February 19, 1889, her husband filed a bill against the wife of Thomas McCann and several others, but not bringing Ryan into the suit, on which bill a decree was entered in favor of her husband. The judgments in favor of the brewing company and McGovern were entered while that suit was pending, the decree therein being entered May 5, 1891.

Now it is perfectly indifferent what may have been the object of the bill by James McCann against the wife of Thomas McCann. No decree in that suit, Thomas McCann not being a party to it, would affect his judgment creditors, not themselves parties, whether their judgments were obtained before the bill was filed, or *pendente lite*. Black on Judgments, 534.

And that bill being filed upon a false statement of the relations between Thomas and James McCann, which it would take too much space to demonstrate, no bill to have the benefit of a decree upon it can be maintained. Wadhams v. Gary, 73 Ill. 415.

While the title was in Thomas, James had the possession. Whether that was to defraud the creditors of James, and if so, what figure that cuts as to judgment creditors of Thomas, may be subjects of consideration when the pleadings and evidence present them.

The decree below, however, is wrong in declaring that the judgments mentioned are liens.

All that the appellees were entitled to, was that the bill of the appellant should be dismissed. No affirmative relief can be granted upon a mere answer; a cross-bill should be filed. Purdy v. Henslee, 97 Ill. 389.

The decree of the Superior Court is reversed and the cause remanded with directions to dismiss the bill of the appellant with costs.