Rockingham, ⎱
  June, 1896. ⎰

BOSTON & MAINE RAILROAD v. LANGDON & a.

In proceedings for the partition of real estate, a sale regularly made by a commissioner duly appointed will not be set aside, in the absence of fraud, accident, or mistake affecting the transaction.

It is not sufficient ground for setting aside such sale, that one of the owners was unable to procure counsel for the purpose of delaying it, purchased the interest of the petitioners with a belief that he could thereby control the proceedings regardless of non-petitioning owners, and acquired the interest of the remaining cotenants at a date subsequent to the sale.

MOTION, by the plaintiffs, for confirmation of sale made by a commissioner in proceedings for partition of certain real estate, and for judgment on his report. Proceedings for partition were begun by two tenants in common, each owning one sixth of the realty in question, against the five tenants in common of the other four sixths. The estate not being divisible, the court decreed a sale and duly appointed a commissioner to sell it. Mary A. Langdon, one of the tenants in common, owning one sixth, for the purpose of preventing the sale, purchased prior thereto the shares owned by the petitioners in the original partition proceedings, and requested the commissioner not to proceed with the sale. She attempted negotiations with the other owners, but failed to agree upon the price. Two of these owners requested the commissioner to go on with the sale. Mrs. Langdon understood, until otherwise informed by the commissioner, that her purchase of the interest of the two petitioners would give her control of the proceedings. The commissioner informed her that unless she bought the interest of all the owners, he would be obliged to go on with the sale. She then made all reasonable efforts to see counsel and in some way stop the sale, but failed to see counsel before the sale on account of their absence. Understanding the Boston & Maine Railroad might bid, she notified the station agent before the sale that she objected to it, to which he replied, " The property is advertised for sale, and we shall be there." She attended the sale and bid upon the property, which was sold to the plaintiffs. The proceedings were regular and the price adequate. No fraud or misconduct by any person in relation to the sale is proved or alleged. Since the sale, Mrs. Langdon has made an agreement with all her cotenants to purchase their interests at the sum which they will receive in case the sale is confirmed, which is more than was offered them by her before the sale. All the owners appeared by counsel at the hearing on the motion to

confirm the sale, in opposition thereto, and offered, in case the sale was set aside, to fully indemnify the plaintiffs for any expense they had been to on account thereof. The plaintiffs' motion was granted, and the defendants excepted.

*John S. H. Frink* and *Sigourney Butler* (of Massachusetts), for the plaintiffs.

*Sargent & Hollis* and *Calvin Page*, for the defendants.

WALLACE, J. It is not the practice in this state for sales in partition proceedings to be confirmed by a formal order of the court. Such sales are treated as valid if no objection is made to them. Yet, where objection is made to the validity of the sale, the question of its confirmation or whether it should be set aside properly arises. A purchaser at a sale by a commissioner in partition proceedings enters into a valid contract with an officer of the court, which can be enforced unless the court for good cause shown shall set aside the sale. In determining whether a sale of this kind shall be confirmed or set aside, the court will be governed by equitable principles. When the sale has been regularly made in accordance with the order of sale it will not be set aside unless there has been some fraud, accident, or mistake which has affected the transaction. 2 Jones Mort., s. 1637; *Jackson v. Warren*, 32 Ill. 331.

In this case it appears that the proceedings were regular and the price adequate, and no fraud or misconduct by any person in relation to the sale is proved or alleged. Neither does it appear that there was any accident or mistake connected with the matter which would warrant the setting aside of the sale. The commissioner, being requested by two of the tenants in common to go on with the sale, acted properly in denying the defendants' request to delay it and in proceeding with the sale. The fact that Mrs. Langdon was unable to get counsel to delay the sale does not affect the matter, as it does not appear that counsel could have aided her, or that there was any good reason why the sale should have been delayed. If she was under a misapprehension in thinking that her purchase of the original petitioners' interest in the partition proceedings entitled her to control the same, it was not due to the misconduct or fraud of any one, and she had abundant opportunity to inform herself if she had exercised due diligence. The sale cannot be set aside for any of these reasons.

But the defendants especially urge, in support of their position against the approval of this sale, that Mrs. Langdon, since the sale and before the hearing upon the motion for confirmation, purchased the interests of her cotenants and was then the sole owner of the property. But the sale should not be set aside

and confirmation refused because the parties to the partition proceedings have, since the time of the sale and before the confirmation, adjusted their differences in regard to the property. It is apparent that when the parties to partition proceedings agree among themselves, at any time before the decree of partition, to discontinue the proceedings, it is their right so to do. And it is equally apparent that this would be so in the case of a judicial sale up to the time of the purchase of the property by a third person. After that, the purchaser has the right to have the sale confirmed, and to acquire the property under his contract, unless some reason based on equitable principles is shown why the sale should be set aside. In a case like this, when the sale has been regular, the price adequate, and no fraud or misconduct shown on the part of the purchaser or any one else, to allow the cotenants by a simple agreement among themselves to set aside the sale would be to give them an undue advantage and one which is denied to the purchaser. It would enable them to play fast and loose with the transaction, to enforce it or set it aside according as it should appear after the sale and upon further consideration of the matter, or in view of the changed value of the property, it was for their interest to do. To give them such a power would not only be most inequitable, but would put in their hands an instrument of fraud which the law never contemplated.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.