MATHIAS M. SCHALLER et al. Appellees, vs. MARY HUSE, Appellant.

*Opinion filed April 21, 1928—Rehearing denied June 12, 1928.*

1. PRACTICE—*complainant may have bill dismissed unless cross-bill is filed.* A complainant has a right, at any time before a decree is rendered, to dismiss his bill unless a cross-bill has been filed.

2. PARTITION—*cross-bill is necessary to secure relief not sought by original bill.* The mere fact that a partition suit is an adversary suit, in which all parties must make their rights known to the court, does not dispense with the necessity of a cross-bill to secure relief not sought by the original bill.

3. SAME—*when it is error to deny complainants' motion to dismiss—appeal.* Where complainants ask for partition of certain property, subject to their contract to sell it to a lessee, in order to pay the debts of the testatrix, the answer of the defendant lessee, who joins in the prayer of the bill, cannot be regarded as a cross-bill, and it is error to deny a subsequent motion by complainants to dismiss their bill, said motion being resisted only by the lessee and by the complainants' solicitor, who was interested in his fees; and a defendant whose interests are identical with the complainants' interests and who joined in the motion to dismiss may appeal from the order denying the motion, where the court's action adversely affects her interests.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

LESLIE H. WHIPP, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee John J. Lawler.

Mr. JUSTICE DUNN delivered the opinion of the court:

Mary Huse, one of the defendants to a bill in the circuit court of Cook county for the partition of certain real estate situated in that county, has appealed from the decree of partition.

Mary S. Schaller, who was the owner of the land, died testate in September, 1924, at Dyer, Indiana, leaving the real estate in Cook county to her nine children, three of whom were minors. Her will was admitted to probate in the circuit court of Lake county, Indiana, and Frank F. Scheidt was appointed executor. The six adult children entered into a contract dated April 10, 1925, to sell the real estate to John J. Lawler, by the terms of which the executor of the will was to cause it to be sold by order of the probate court of Cook county to pay the debts of the testatrix. On November 18, 1926, Mathias M. Schaller and Margaret Murphy, two of the adult children, together with their spouses, filed a bill in the circuit court of Cook county for partition of the real estate. The other children, the executor of the will, Lawler, the Chicago Title and Trust Company, and others who had claims against the estate of Mrs. Schaller, were made defendants. The bill alleged the execution of the contract with Lawler for the sale of the land and that Lawler was also a tenant in possession of the premises under a lease, and prayed that his rights be ascertained. Mary Huse answered, questioning the validity of the Lawler contract. Lawler answered, setting up his lease and the contract of sale, and concluding: "and this defendant hereby joins in the prayer of said bill of complaint as amended that a fair division and partition of said premises be made between the parties interested therein, subject, however, to the rights and interests in said premises of this defendant under the contract and lease hereinbefore set forth." Some of the defendants answered and others were defaulted. Mary Huse filed a cross-bill seeking to set aside the contract of sale, but the cross-bill was stricken upon motion of Lawler. The cause was referred to a master in chancery, who heard the evidence and made his report finding that each of the heirs was entitled to an undivided one-ninth interest in fee simple in the land, subject to the rights of Lawler under the contract of April 10,

1925, and that "John J. Lawler, as the vendee named in said contract of April 10, 1925, has a legal contract of purchase of said premises that is valid and binding upon the parties thereto, and that the interest of the vendors named in said contract in and to said property is subject to the rights and claims of said John J. Lawler under said con- tract." The report recommended a decree of partition in accordance with its findings. The complainants filed a written motion to dismiss the bill. It was joined in by Mary Huse and was opposed by the complainants' solicitor and Lawler's solicitor. The court denied the motion and a decree was entered in accordance with the recommendation of the master, to reverse which Mary Huse has appealed.

The denial of the motion to dismiss the bill is assigned for error, and this assignment must be sustained. The interests of the complainants, and of Mary Huse, the appellant, are identical. The complainants did not question the validity of the Lawler contract but Mary Huse contended that it was invalid. It has long been the well settled rule in this State that a complainant has a right, at any time before a decree is rendered, to dismiss his bill unless a cross-bill has been filed. (*Purdy* v. *Henslee,* 97 Ill. 389; *Gage* v. *Bailey,* 119 id. 539; *Reilly* v. *Reilly,* 139 id. 180; *Langlois* v. *Matthiessen,* 155 id. 230; *Bates* v. *Skidmore,* 170 id. 233; *Paltzer* v. *Johnston,* 213 id. 338; *Williams* v. *Breitung,* 216 id. 299; *Pingrey* v. *Rulon,* 246 id. 109; *Fischheimer* v. *Kupersmith,* 258 id. 392.) In *Reilly* v. *Reilly, supra,* it was said that there are some cases holding that the chancellor has a discretion, and may, in certain cases likely to work a hardship to a defendant, refuse to allow a complainant to dismiss his bill, but it was also said that these are not in harmony with the current of authority, and that the court is not inclined to change the rule it has established and follow these cases. Lawler argues that the rule should not be applied to a partition suit, which in this State is an adversary proceeding not only as between the com-

plainants and defendants but as between all parties to the record, whether complainants or defendants, in which every party is bound to show to the court his rights in the premises sought to be partitioned and to have his interest protected by the decree of the court, and in which a cross-bill or formal issue between the defendants is not required. In this case the original bill and the answer of Lawler sought with reference to the contract only its recognition as a valid obligation of the vendors. Lawler had no other interest in the suit, no right to a partition, he asked no affirmative relief, and no cross-bill was necessary or could be maintained by him.

It is said in the appellees' brief that the answer of Lawler meets all the requirements of the cross-bill, and that by virtue of the Partition act as construed in *Chapman* v. *Chapman,* 256 Ill. 593, and *Renfro* v. *Hanon,* 297 id. 353, it is, in effect, a cross-bill, which prevents the complainants from dismissing their bill without his consent, and it is argued that under the Partition act it is not only unnecessary, but improper, for a defendant in a partition suit desiring partition or other affirmative relief to file a paper formally labeled as a cross-bill, and where he files an answer setting up his claim and prays that it be enforced and does not pray for the dismissal of the bill, but, on the contrary, expressly joins in the complainants' prayer for partition, such an answer has all the necessary attributes of a cross-bill and prevents the dismissal of the bill without his consent. In referring to *Purdy* v. *Henslee, supra,* it is said: "The right of complainant to dismiss his bill was sustained because the answer of the defendants not only contained no prayer for partition or for any other specific relief, but expressly prayed that the bill be dismissed and that defendants have judgment for their costs, from which the court concluded that the parties did not themselves, even, treat and regard their answer as a cross-bill." The answer to this argument is found in the language of the opinion in that

case. It is there said: "Since no decree was here actually rendered, the only inquiry is, Was a cross-bill filed before the complainants asked and obtained leave to dismiss their bill? What defenses may be interposed and what relief obtained under an answer, without a cross-bill, is wholly irrelevant, for it is the filing of a cross-bill,—not this or that kind of an answer,—which under the statute will take from the complainant the right to dismiss his bill before decree rendered, and this alone."

The pleading asked for no affirmative relief. It merely set up Lawler's contract, making known his rights and interests in the premises, to which the title of the heirs of Mrs. Schaller were subject, and joined in the prayer of the bill of complaint that a fair division and partition of the premises be made between the parties interested therein; but this was merely formal, for Lawler has no interest in the partition of the premises. The mere fact that a partition suit is an adversary suit, in which all parties must make their rights known to the court, does not dispense with the necessity of a cross-bill to secure relief not sought by the original bill. If the relief sought by the original bill is all the relief sought, the suit remains the suit of the complainant, subject to his control before the decree where no cross-bill has been filed. It was therefore erroneous for the court to refuse to dismiss the suit upon the complainants' motion.

The objections of the solicitor for the complainants were of no importance. His objection was that he had advanced certain fees which should be paid, and that his clients had not come to his office to direct the dismissal of their suit and he had no notice of their wish to dismiss except the written instruction to dismiss the suit which was served on him. The complainants have not appealed, but the defendant Mary Huse alone has done so. No question based on the fact that she was a defendant and not a complainant has been made of her right to insist upon a reversal for

the error in overruling the motion to dismiss. Her rights were adversely affected by the error. The complainants brought her into court to answer a bill for partition. In the conduct of their suit they took such action as should have resulted in her dismissal from the court. The action of the court in refusing to dismiss compelled her to submit her controversy with Lawler to the court, in which he had no standing as a complainant. The appellant was not summoned to answer Lawler but the complainants, and the refusal of the court to dismiss the complainants' bill on their motion adversely affected her interests over her objection that the complainants having moved to dismiss the suit she should go without day.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill without prejudice.

*Reversed and remanded, with directions.*