O. L. Chester and Capron Bank of Capron, Defendants in Error, v. Fred D. Cornwell et al., Plaintiffs in Error.

Gen. No. 8,749.

250

Opinion filed July 6, 1934. Rehearing denied August 23, 1934.

ANDREWS & ESSINGTON, for plaintiffs in error.

WILLIAM L. PIERCE, JAMES M. HUFF and ROBERT F. MARSHALL, for defendants in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The complainants, now defendants in error, filed a bill in the circuit court of Boone county, Illinois, to foreclose a trust deed securing various notes aggregating $10,000. The bill was filed in said court on June 11, 1930, and made returnable to the September Term of said court of the same year. The bill is in the usual form for foreclosing a mortgage. The makers of the notes and owners of the land were made parties defendant to the bill.

One paragraph of this bill is as follows:

"That complainants show upon information and belief that Martin Dunbar, Svend Nordvig, E. E. Lichtenberg and Daniel McIntyre, Co-partners, doing business as Lichtenberg & McIntyre, Capron Bank of Capron, Illinois, Hixon and Brittingham Lumber Company, John Setterquist, Hiram Reser and the Prudential Insurance Company of America, have or claim to have some interest in the said mortgaged premises, or some part thereof, as purchaser, mortgagee, judgment creditors or otherwise, which interest, if any, has accrued subsequent to the lien of the said trust deed of the complainants and are all and each subject thereto."

The above-named parties were all made defendants to said bill and filed answers to the same. Each of the several answers of the plaintiffs in error sets up claims for liens for having furnished materials and

labor for improvements upon the real estate described in the bill of complaint. They allege they have a first and superior lien upon the mortgaged premises and that they are each entitled to be paid the amount of their respective claims from the proceeds of the sale of the property. The answers of each of the defendants in said foreclosure proceeding are in the usual forms of answers to bills in chancery. Some of the answers deny that the complainants are entitled to the relief or any part thereof in their bill and pray that the bill be dismissed with reasonable costs, etc. Replications were filed by the complainants to all of the answers of the defendants. Thereafter the case was referred to the master in chancery who was to take proof and report his findings and conclusions both of the law and of the facts. The complainants and the defendants presented evidence before the said master, and the master made his report to the court. The master reported that the claims for mechanics' liens as set forth in the answers of the various defendants were first and superior to the lien of the mortgage being foreclosed, and should be paid before the mortgage debt from the funds of the foreclosure sale. To this report the complainants filed objections which were overruled. The objections to the master's report were permitted to stand as exceptions to the said report in the circuit court. A hearing before the chancellor was had, the exceptions were argued, and overruled. A decree was ordered to be prepared in accordance with the findings of the chancellor.

The decree had been prepared by the plaintiffs in error and presented to the trial court for signature, but had not been signed. On August 26, 1932, on motion of the complainants, the case was redocketed and re-referred to the master in chancery to take further proofs in regard to the value of the lands and the improvements made by the plaintiffs in error. On Jan-

uary 23, 1933, the same being the first day of the January Term, 1933, of the said court in which this case was then pending, the complainants appeared by their solicitors and moved the court to vacate the order referring the case to the master in chancery, and to dismiss the bill of complaint at their cost, without prejudice. This motion was granted. The order was then entered and the case dismissed. On the 24th day of April, 1933, the said date being the first day of the April Term of said court, the plaintiffs in error, by their solicitors, filed motions, verified by affidavits of their attorneys, to strike from the record of the court the order made on the 23rd day of January, 1933, dismissing the bill of complaint at the cost of the complainants without prejudice. The court heard the arguments on the motion of the plaintiffs in error to set aside and vacate the order of dismissal and to reinstate the case, and took the same under advisement until the 11th of August, 1933. At this time he overruled and denied the motion of the plaintiffs in error to reinstate the case. From this ruling of the court the defendants below have brought the case to this court for review.

The only question presented to this court is whether a person who has filed a bill to foreclose a mortgage or a trust deed in the nature of a mortgage and persons having claims for mechanics' liens against said premises are made parties defendants in said bill, and said defendants file their answers to said bill but do not file cross-bills, may the complainant dismiss his bill at his own cost and without prejudice at any time before a decree is actually entered and filed. Plaintiffs in error strenuously insist that by filing their answers to the bill of complaint, the court had full right and authority to adjudicate their claims in the foreclosure proceedings and that it was not necessary or proper for them to file cross-bills to fully protect their rights. The defendants partially concede this to be the law,

but insist that it does not prevent the complainants from dismissing their bill at any time they see fit to do so, but if the case had proceeded to a final hearing and a decree had been signed and entered, then the rights of the parties would be fixed and they could not dismiss their bill without the consent of the defendants.

Section 11 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 11, in regard to parties to a suit, provides among other things, as follows: "All persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit, shall be included. Any such persons may, on application to the court wherein the suit is pending, be made or become parties at any time before the final judgment. No action or suit under the provisions of this act shall be voluntarily dismissed by the party bringing the same without due notice to all parties before the court, and leave of court upon good cause shown and upon terms named by the court." The plaintiffs in error contend that this statute gives all of them the right to have their rights adjudicated simply by filing an answer to the bill of complaint to foreclose the mortgage, and that after their answers were filed the complainant could not dismiss his bill without the consent of all of the defendants.

Love on Mechanics' Liens, a recognized authority on liens, in discussing section 11, formerly section 9 of the Mechanics' Liens Act, refers to a great many of the Illinois decisions relative to liens. On page 175 of his book he says: "The above cases really merely hold, that a mechanic's lien claimant who is a defendant in a mortgage foreclosure suit may have the affirmative relief of having his lien enforced even though he file only an answer. But if the mechanic's lien claimant have nothing but an answer on file, whether

it be called an answer or an answer in the nature of an intervening petition, or simply an intervening petition, may not the complainant mortgagee dismiss the bill of complaint and by that dismissal put the lien claimant out of court? It is true that section 9 (now section 11) of the Act expressly says that after answers in the nature of intervening petitions have been filed by other lien claimants the bill shall not thereafter be dismissed without the consent of such intervening lien claimants. *But that section, by its terms, applies only to suits to enforce mechanics' liens and does not apply to suits to foreclose trust deeds or mortgages,* and as to the latter is it not still true that in the absence of a cross-bill the complainant may dismiss his suit no matter what kind of an answer some defendant has filed? The latest case involving this general right of the original complainant in a suit in equity to dismiss his suit in the absence of a cross-bill is *Schaller v. Huse,* 330 Ill. 345, at page 349, a partition suit, in which the court cited with approval the following language from the opinion in the case of *Purdy v. Henslee, supra:* 'What defenses may be interposed and what relief obtained under an answer, without a cross-bill, is wholly irrelevant for it is the filing of a cross-bill,—not this or that kind of an answer,—which under the statute will take from the complainant the right to dismiss his bill before decree rendered, and this alone.' "

The plaintiffs in error have cited many cases upon which they rely to maintain their contention that the court erred in dismissing this bill. An examination of these cases discloses that none of them involves the point that is raised in this case. Some of these cases are for an accounting, some suits on a bill of interpleader, some are suits between mechanic lien claimants, and some where a cross-bill has been filed. The courts have uniformly held that in such circumstances

the complainant could not dismiss his bill without the consent of the defendant. Plaintiffs in error insist, however, in this case that their answer should be treated as a cross-bill in this proceeding. In the trial court they were treated as answers to the complainants' bill and replications were filed to each of them. In the early case of *McConnell v. Hodson,* 2 Gilm. 640, the court in discussing the difference between an answer and a cross-bill used the following language: "A defendant in a suit in chancery cannot make his answer a cross-bill and under it obtain any specific decree in his favor. In this way he cannot obtain affirmative relief, even although the parties may elect to consider the answer a cross-bill. This is contrary to the established practice of the Courts of Chancery, both in England and in this country. If in this, or any other similar proceeding, the parties in interest desire the interposition of a Court of Equity in their behalf, they must file their bill and therein state specifically their causes of complaint." This case has been followed and cited in the case of *Purdy v. Henslee,* 97 Ill. 389, in *Schaller v. Huse,* 330 Ill. 345, and many other Illinois decisions. It will be observed that section 11 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 11, refers specifically to a party filing a petition or a bill of complaint to establish a mechanic's lien. When the contest is between the mechanic's lien claimant, the original bill or petition may not be dismissed by the complainant. We know of no rule of law that would prohibit the claimant in a mortgage foreclosure proceeding, where there is no cross-bill on file, from dismissing his bill of complaint at any time prior to the time a decree in said proceeding is actually signed and filed. While this may seem a hardship in this case to the lien claimants, they could have fully protected their rights by filing a cross-bill in the original pro-

ceedings and thus prevented the complainants from dismissing their bill.

We find no reversible error in the case and the order of the court dismissing the bill of complaint is hereby affirmed.

*Affirmed.*