(SEAL)

### FREDERICK v. FREDERICK, et al.
No. 71-288.

Circuit Court, Seminole County.

September 8, 1971.

Meredith J. Cohen, Orlando, for the plaintiff.

Fred D. Leone, Cocoa, for the defendant Gordon Frederick.

Victor E. Woodman, Orlando, for the defendant Winter Park Federal Savings & Loan Association.

G. Andrew Speer, Sanford, for the high bidder.

CLARENCE T. JOHNSON, Jr., Circuit Judge.

This post-divorce partition action is before the court on motions by the defendant, Gordon V. Frederick, to deny confirmation of the sale, rescind, vacate and set aside the judgment of partition and dismiss the action, motion by the high bidder, Blanton D. Owen, to confirm the sale, and a joint motion to dismiss the action filed by the plaintiff and defendant, Frederick, the two co-tenants.

The complaint for partition was filed by the plaintiff, Virginia W. Frederick, on March 8, 1971. The defendant, Gordon V. Frederick, by his answer, joined in the requested relief and the answer of the mortgagee admitted its lien and consented to the partition. On June 4, 1971, the court entered a judgment of partition and the sale was held on June 25, 1971. The present motions were thereafter filed, briefed and argued before the court and the testimony taken of the special master, the defendant Frederick, the high bidder, and the appraisers of the property.

The motion of the high bidder, Blanton O. Owen, to confirm the sale and the motion of the defendant, Gordon V. Frederick, to deny confirmation requires the court to determine whether the sale and the events surrounding it met the essential requirements of law. The law seems to be clear that if the sale involved sufficient irregularities, unfairness or departures from the judgment of partition, the court may, in its sound discretion, set aside the sale. Mere inadequacy of price alone is not ordinarily a sufficient reason to set aside a judicial sale — it is however, a factor to be considered.

The testimony in this case indicates that this was the marital residence of the parties prior to their divorce, which left them tenants in common. The property consists of a rather large home situated on seven acres of land sloping down to a spring fed lake. One appraiser set the value of the property at $84,000, another at $75,000. The sale produced a high bid of $42,000, ($21,000 plus the mortgage of $21,000).

The court is of the opinion that its judgment of partition was deficient in at least two respects. In paragraph 6, it stated —

"6. In the sale of the aforesaid real property, the highest bidder shall deposit, in cash or certified check, 10% per cent of the total bid price at the time of the sale."

This ambiguity as to the meaning of "total bid price" was the subject of a stipulation entered into two days after publication of the notice of sale, entitled "Stipulated Instructions to Special Master" and filed by the attorneys for the plaintiff and defendant Frederick. This attempt to amend the judgment of partition, was not submitted to the court for approval and adoption and did not become an official part of the judgment of partition. It was accepted, however, by the special master and its effect was to require a higher bidder deposit than would otherwise be required.

The second deficiency is also contained in paragraph 6, which does not reflect whether the deposit need be paid immediately or whether time would be permitted for the successful bidder to secure his deposit. The notice of sale as published in the Sanford Herald on June 16, 1971, however, contained the following provision —

> "an immediate deposit in cash or certified check in the amount of 10% of the bid price is required of the successful bidder."

At the sale it was announced that "the terms of the order should be abided by and that there must be an immediate deposit". (Pg. 8 of transcript of sale). This was later changed by the special master during the course of the sale and produced a great deal of confusion. (Pp. 12-18) The special master and the attorney for the plaintiff decided, contrary to the notice of sale, to allow the high bidder to have one hour to produce the cash or its equivalent of a percentage left ambiguous by the judgment of partition and even more so by the notice of sale. The special master, cognizant of the confusion following the sale, did not recommend for or against the confirmation in his report but asked the court to hold a hearing on the matter. The court cannot say, with certainty, what effect all of the above had on the presence of bidders or the sales price. Suffice it to say that with the irregularities and confusion shown to have existed it would appear unreasonable for the court to require further proof. The end result of the sale was a high bid of approximately 50% of the appraised value of the property.

This court realizes that property sold under judicial sale seldom brings its true value. However, the sale here has created a totally inequitable contrast between the positions of the high bidder and the owners. The posture of the bidder here is that of a rather large expectancy while that of the owners is almost one of forfeiture. The court sitting as a court of equity, and applying the law as it understands it to the facts as it finds them, can come to only one conclusion — that the sale held in this cause on June 25, 1971, should be set aside.

Turning next to the motion to dismiss filed by the defendant, Gordon V. Frederick, individually, and jointly by the plaintiff and defendant Frederick, the court notes that they are predicated on the fact that on July 6, 1971, subsequent to the sale, the plaintiff, Virginia W. Frederick, conveyed all of her interest in this property to the defendant, Gordon V. Frederick (and his present wife). The plaintiff no longer having an interest in the property, the defendant Frederick states there is nothing to partition and this action should be dismissed.

Rule 1.420(a)(1), Florida Rules of Civil Procedure, provides that parties can dismiss an action by filing a stipulation of dismissal. The fact that the plaintiff and defendant here have instead filed motions to dismiss would tend to show their acceptance of the proposition that other rights have intervened, namely those of the high bidder.

The court has found, in its research, very few cases on dismissals of partition actions. This court rejects the holding of Bellerjeau v. Real Estate of George Ely, deceased, 8 NJ Law Repts. 213 (1826), as not being in accordance with Florida law, and feels that the instant case more nearly comes within the exceptions to confirmation outlined in Boston & M.R.R. v. Langdon, et al., 63 N.H. 467, 44 Atl. 603 (1896). See also: Schaller v. Huse, 330 Ill. 345, 161 NE 727 (1928) and Glass v. Layton, 117 Fla. 788, 158 So. 446 (1935) and 121 Fla. 462; 164 So. 284 (1936).

It would appear to the court that the plaintiff and defendant in a partition suit, may at some stages of the action, dismiss it merely by filing the requisite stipulation contained in Rule 1.420(a)(1) supra. However, this must be done before other rights intervene. Where, as here, rights of a high bidder have intervened, a stipulation of dismissal would be ineffective without joinder of the bidder. This is because the high bidder in a partition sale acquires certain vested rights and among these are the right to move to confirm the sale and the right to appeal from the denial of same. The court need not decide whether a high bidder at a judicial sale acquires equitable title since whatever vested right he may acquire in the title is subject to divestment by the court in setting aside the sale through which that right arose.

With the sale set aside, it would appear to be futile to order another sale since the plaintiff no longer has an interest and the sole owner is now the defendant, Gordon V. Frederick, who can bid whatever amount he wishes with the sure knowledge that he will receive all the overage. Further, with the sale set aside there are no intervening or adverse interests and there would appear to be no procedural or substantive impediment to vacating and setting

aside the judgment of partition and then granting the motion to dismiss.

Therefore, the court having considered this matter and having made the above findings, it is ordered and adjudged —

(1) That the motion for order confirming sale filed by the intervenor, Blanton D. Owen, is denied. The special master in this cause is directed to return to Blanton D. Owen, within ten days hereof, the sum of $4,200 being held as a deposit by the special master.

(2) That the motion to deny confirmation of sale filed by the defendant, Gordon V. Frederick, is granted and the sale held in this cause on June 25, 1971, is set aside.

(3) That the motion of the defendant, Gordon V. Frederick, to rescind, vacate and set aside the judgment of partition entered in this cause on June 4, 1971, is granted and said judgment of partition rescinded, vacated and set aside.

(4) That the motions to dismiss filed by the plaintiff and defendant Frederick jointly and the defendant Frederick individually, are granted. A final order of dismissal will be entered upon final adjudication of costs, expenses and attorneys' fees, if any.