AUSTIN S. MANN, APPELLANT, VS. JAMES A. JENNINGS, ADMINISTRATOR OF THE ESTATE OF JOHN T. McKEOWN, DECEASED, APPELLEE.

1. A decree obtained in regular order of proceeding, and become absolute, cannot be attacked by motion to set aside the sale thereunder.

2. A sale under foreclosure of mortgage will not be set aside on the ground that the person appointed to make the sale was styled in the decree appointing him Commissioner instead of Master, when the authority and duties prescribed in the appointment are appropriate to the function given; nor will it be set aside because the person bidding off the property is not the person reported to have bought it, when it is shown that the latter actually became the purchaser, or was substituted for the bidder by procurement of the defendant whose property was being sold.

Appeal from the Circuit Court for Hernando county.

The facts of the case are stated in the opinion of the court.

Judge JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of Mr. Justice MITCHELL, disqualified.

*W. S. Jennings* for Appellant.

*Shackleford & Preston* for Appellee.

MAXWELL, J.: There was *ex parte* foreclosure of a mortgage given by appellant, a decree *pro confesso* having been regularly taken on the rule day in June, 1888, for want of plea, answer or demurrer, this being the rule day succeeding that for appearance under due service of the subpœna. The final decree was rendered June 26th, 1888. The court thereby appointed a " Commissioner " to sell the mortgaged property, which he did, and up to the sale, considerably more than the twenty days which the rule (45) allows a defendant to move to set aside a decree so obtained, no objection had been made to it, or any of the proceedings in the case. After the sale, and the report of the Commissioner, viz: January 16th, 1889, appellant filed a " motion to set aside sale and vacate decree." The court overruled the motion and confirmed the sale, and from this order or decree the appeal was taken to this court.

The first error assigned is against the final decree, as "arbitrary, illegal, inequitable and contrary to law and the rules of practice in Chancery proceedings, and without evidence to support it." From the foregoing statement it will be seen that this decree was taken in a regular order of proceeding, and the law is, that thereupon it became absolute, and must stand unless reversed on appeal. Stribling *et al.*, vs. Hart, Executrix, 20 Fla., 235. But there is no appeal here from this decree, so far as the record shows, but only an appeal " from the order or decree overruling and denying said motion to stay the confirmation of the sale, and to vacate said sale." It is true that one of the grounds of the motion is, that the decree under which the sale was made " is erroneous and illegal," but the decree could not be attacked in this way. It could only be attacked in that court by a motion made specifically to set it aside, and that could only have been made within twenty days after its rendition. It was too late to attack it after that, for, as we have said before, it became absolute ; and there was nothing the court could do in regard to it except to have it properly executed. As the appeal does not reach this final decree, we are not at liberty to consider the sweeping charge made against it by appellant.

Confining ourselves, then, to the proper subject-matter of the appeal—the order denying the motion to set aside the sale—and having seen that the ground of error in the decree was no ground for setting it aside, we now inquire as to the sufficincy of the other grounds alleged. The first is, " that a commissioner is not a proper officer to make such sale under foreclosure of mortgage." We know of no such law which restricts a Chancellor to any particular designation of official title for the person he appoints to execute a decree of foreclosure. Such person is usually styled a Master, but if, in the absence of any prescribed

name, he be styled a Commissioner, or any other appropriate name for the office, and is given the duty and powers usually conferred upon a Master by the appointment, we are unable to see that his appointment is invalid because of the title, or that his acts, if in compliance with the directions given him, should not be confirmed.

The other ground against the confirmation of the sale is, that the property was bid off by one Wilson, while the report of the Commissioner states that it was sold to P. W. Terry & Co. As to this, the affidavits filed in connection with the motion show that Mann, the defendant, authorized one Saxon to buy the property in for him, and that Saxon, being too busy otherwise to attend the sale, got Wilson to do the bidding, and that afterwards Mann, in his negotiations about the sale, authorized the Commissioner to regard and treat Terry & Co. as the purchasers. It is often the case in such sales that one person bids off the property for another, and it has never been considered an improper transaction; and in this instance the appellant, Mann, is especially forbid, we may say estopped, to complain of the action of the Commissioner, which was in accordance with his own procurement.

There was still another ground for the motion, in the allegation that the decree *pro confesso* was irregularly taken, but that seems to have been abandoned, as there is no error assigned on that account; and if there had been, the allegation, even if available in this appeal, was founded in mistake.

The order denying the motion was proper, and is confirmed, and the case remanded for proceedings accordingly.