James Lenfesty and wife v. Burton E. Coe—Opinion of Court.

JAMES LENFESTY AND ANNA S. LENFESTY, HIS WIFE, APPELLANTS, VS. BURTON E. COE, APPELLEE.

1. The regularity of a decree of foreclosure and sale cannot be questioned on an appeal taken from a personal decree rendered under the eighty-ninth equity rule for balance of amount reported by the master to be due on the former decree over and above the proceeds of the sale of the mortgaged property.
2. That the original promissory note secured by the mortgage, or other proper evidence of the indebtedness, is not shown by the record to have been filed or produced before the master, is a question affecting the regularity of the decree of foreclosure and sale as distinguished from its legality or validity.

Appeal from the Circuit Court for Hillsborough County.

The facts of the case are stated in the opinion.

Motion for supersedeas.

*Phillips & Carter*, for motion.

RANEY, C. J.: Appellee filed his bill against appellants to foreclose a mortgage on real estate, and decree pro con-

fesso was entered for want of pleading thereto, and the cause was referred to a master to report the amount due, and he having made his report, a decree was rendered on the 31st day of July, A. D., 1889, foreclosing the mortgage and decreeing a sale of the property covered by it to satisfy the amount found due, which was $1,657.50, principal and interest, $32.40 moneys expended by the complainant in the protection of his mortgage upon the property, $200 attorney's fees, and $13.22 costs, the several sums aggregating $1,903.12. A sale having been made, the master made a report of the same, and of the balance remaining unpaid of the amount so adjudged to be due over and above the proceeds of the sale, and for this balance, $526.65, a decree was rendered on the 7th day of September last confirming the sale, and that appellee recover the balance of the said James Lenfesty, under the eighty-ninth equity rule.

On the 4th day of October the appellants entered their appeal in the following form : Now come the defendants in the above cause on this the 4th day of October, A. D., 1889, and within thirty days after the entry of the final decree therein rendered, and enter their appeal from the decree herein rendered, to the Supreme Court of the State of Florida, to be held at the city of Tallahassee, on the second Tuesday in January, A. D., 1890.

The citation issued upon this entry of appeal calls the appellee to appear and show cause why the decree of September 7th, mentioned above, should not be reversed.

Considering the entry of appeal and the citation, our conclusion is, that the decree of the 7th of September is the one appealed from. It is true that the decree of foreclosure of July 31st, is the final decree in the cause according to the ordinary meaning of the term final decree

when used with reference to appeals in foreclosure cases, still the term is not so used in the entry of appeal before us. If the word "decree," appearing subsequently in the entry could otherwise be held to refer not to the same decree as the words "final decree" do, but to the decree of foreclosure of July, we think we are precluded from regarding it as doing so by the fact that appellants have cited the appellee to answer simply an appeal from the September decree.

An appeal from a personal decree for the balance of the amount of the decree of foreclosure remaining unpaid over and above the proceeds of the mortgaged property, does not involve a consideration of any question as to the *regularity*, as distinguished from the validity of the decree of foreclosure and sale, or of any proceeding prior thereto, but only errors arising subsequent to that decree. Mann, vs. Jennings, 25 Fla. We are asked to grant a supersedeas on the ground that the original promissory note secured by the mortgage or other proper evidence of the indebtedness, is not shown by the record to have been produced before the master to whom the cause was referred, and upon whose report the decree of foreclosure and sale of July 31st is based. This is properly an objection to the July decree, from which degree no appeal has been taken, and not one that can be considered on this appeal, as the question does not affect the validity or legality of that decree as distinguished from its regularity.

The motion for a supersedeas is denied.