W. C. McCall, *Appellant* v. James Lee, *Appellee.*

### Opinion Filed June 17, 1913.

1. Where several interlocutory orders or decrees are made in a cause, and only certain ones specified are appealed from, assignments of error based upon those not appealed from can not be considered, but upon appeal from a final decree errors may be assigned upon interlocutory decrees, though not embraced in the entry of appeal.

2. An appeal does not lie from an order punishing a party for contempt for the violation of an injunction granted in a chancery case. The remedy, if any, is *habeas corpus* for an illegal imprisonment.

Appealed from Circuit Court, Dade County; L. W. Bethel, Judge.

Appeal dismissed.

*Geo. A. Worley & Son,* for Appellant;

*Hudson & Boggs,* for Appellee.

Shackleford, C. J.—James Lee filed his bill in chancery against W. C. McCall, wherein a temporary injunction was sought to restrain the defendant, who is alleged to be a justice of the peace in and for the tenth district of Dade County, "from making any entries touching" certain named causes and "from issuing executions or taking any steps whatever to enforce" certain described judgments against the complainant, which are alleged to be void for reasons stated, and that at the final hearing such temporary injunction be made perpetual. There was also a prayer for general relief. A temporary injunction was

granted by a Court Commissioner, in accordance with the prayer of the bill, on the 22nd day of October, 1912. Various and sundry proceedings were had which it is unnecessary to recite or mention. On the 29th day of January, 1913, the complainant filed a motion for a rule against the defendant, requiring him to show cause why he should not be held to be in contempt of court for a violation of such restraining order in the particulars alleged in such motion. The defendant filed a demurrer to the motion and also an answer, wherein he averred that such restraining order was invalid for the reasons which he sets forth. The cause came on to be heard and the trial court made the following order:

"The foregoing cause coming on for consideration upon the rule to show cause why the defendant, W. C. McCall should not be held in contempt for violation of the injunction heretofore issued in the cause, and the said McCall having answered in open court and having failed to purge himself of contempt as above stated, and the court being advised in the premises;

It is therefore decreed, ordered and aljudged that the said W. C. McCall is in contempt, and that he pay into the custody of the court all the moneys collected from M. S. Studstill garnishee within three days from this date and in default thereof that he stand committed to the county jail of Dade County until he shall purge himself of such contempt.

And that complainant shall have leave to further submit to the court any question which may arise as to whether any sum so paid into the registry of court is correct, in order that full justice may be done.

Done and ordered in open court at Miami, Florida, this tenth day of February, A. D. 1913."

From this order the defendant has entered his appeal.

Several errors are assigned, but we can consider only those which relate to and are founded upon this order, since no appeal was entered from any of the other orders. As we held in Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, 111 Am. St. Rep. 77, "Where several interlocutory orders or decrees are made in a cause, and only certain ones specified are appealed from, assignments of error based upon those not appealed from can not be considered, but upon appeal from a final decree errors may be assigned upon interlocutory decrees, though not embraced in the entry of appeal." Also see Mann v. Jennings, 25 Fla. 730, 6 South. Rep. 771; Lenfesty v. Coe, 26 Fla. 49, 7 South. Rep. 2; Wiggins & Johnson v. Williams, 36 Fla. 637, 18 South. Rep. 859, 30 L. R. A. 754; Hale v. Yeager, 57 Fla. 442, 49 South. Rep. 544; City of Miami v. Miami Realty, Loan & Guaranty Co., 57 Fla. 366, 49 South. Rep. 55; Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867, 26 L. R. A. (N. S.) 577. Turning our attention to the order from which the appeal was entered, we are met with the contention by the appellee that an appeal does not lie from an order punishing a party for contempt for the violation of an injunction granted in a chancery cause. We are of the opinion that this contention is well grounded. It would seem to be fully supported by Florida Cent. & P. R. Co. v. Williams, 45 Fla. 295, 33 South. Rep. 991, wherein prior decisions of this court are cited and discussed. See also the authorities cited along this line by Mr. Chief Justice WHITFIELD, in his dissenting opinion in Ex Parte Beville, 58 Fla. 170, text 185, 50 South. Rep. 865, text 869, 27 L. R. A. (N. S.) 273, 19 Ann. Cas. 48. This would seem to be decisive of this appeal. We would add that we have examined the case of Gompers v. Bucks Stove & Range Co., 221 U. S. 418, but see no occasion to change the conclusion announced above. The

remedy, if any, is *habeas corpus* for an illegal imprisonment.

For the reasons stated the appeal must be dismissed at the cost of the appellant.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.