M. M. MORGAN, *Appellant*, v. FORD HOWELL, *Appellee.*

Opinion Filed November 15, 1917.

1.  Where the appeal is not from a final decree but only from an interlocutory order or decree, errors assigned on other interlocutory orders not specifically appealed from will not be considered by the appellate court.

2.  Orders enlarging the time for taking testimony in equity causes are within the sound discretion of the judge, when

special cause is shown; and unless abuse of such discretion appears the appellate court will not interfere.

Appeal from Circuit Court for De Soto County, F. A. Whitney, Judge.

Order affirmed.

*C. C. Morgan* for Appellant;

*Carroll D. Judson,* for Appellee.

WHITFIELD, J.—In a suit to quiet title to real estate, the court on June 1, 1916, enlarged the time for taking testimony. On August 22, 1916, the court appointed another master to take the testimony in lieu of the one previously appointed. An appeal was taken from the last order only. Errors are assigned on several other alleged rulings, none of which appear in the transcript except that of June 1, 1916, above mentioned.

Where the appeal is not from a final decree but only from an interlocutory order or decree, errors assigned on other interlocutory orders not specifically appealed from will not be considered by the appellate court. Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867; McCall v. Lee, 66 Fla. 14, 62 South. Rep. 902.

Orders enlarging the time for taking testimony in equity causes are within the sound discretion of the judge, when special cause is shown; and unless abuse of such discretion appears the appellate court will not interfere. Braxton v. Lidden, 55 Fla. 785, 46 South. Rep. 324.

As this court can consider only the interlocutory order that alone is appealed from and as no abuse of judicial

discretion is shown in the order extending the time for taking testimony, the order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.