STATE, *ex rel.* HELEN PHIFER GLASS, *et al.*, v. H. L. SEBRING, Judge.

158 So. 446.

En Banc.

Opinion Filed January 1, 1935.

*J. C. Adkins* and *Herbert S. Phillips,* for Relators;
*Hampton, Jordon & Lazonby,* for Respondent.

PER CURIAM.—This case is before us on a suggestion and petition for writ of prohibition seeking to prohibit the Honorable H. L. Sebring, Judge of the Circuit Court of the Eighth Judicial Circuit of Florida, from exercising further jurisdiction in a certain partition suit wherein both the complainants and defendants had filed certain directions that the cause be dismissed; and it appearing that thereafter, and before order was made dismissing the cause, attorneys for the complainant filed a petition praying as follows:

"1.  That the dismissal of this cause be stayed until such time as your Honor can determine a reasonable attorney's fee due your petitioners, and after such determination that Your Honor will order and decree that the complainants and the defendants do pay said attorney's fees together with the costs of this suit in accordance with their pro rata share in said property, and that your petitioners do have a judgment against each of said parties, which judgment shall constitute a lien upon the properties in this suit described, for such attorney's fees and costs."

In response to this petition, motion was filed to dismiss the cause without prejudice and to strike the petition of the attorneys, Layton and Gray.  To this motion certain affidavits were attached.  The motion to strike the petition was denied and the following order was entered.

"2.  That the prayer of the said petition of C. R. Layton and H. L. Gray be, and the same is hereby granted; and in this regard, the Court hereby retains jurisdiction of said cause, the parties, and the subject matter of this cause for the purpose of making an inquiry as to the proper amount to be allowed to the said C. R. Layton and H. L. Gray, on a *quantum meruit,* for the services rendered by said solic-

itors in said cause up to the day of the discharge of said C. R. Layton and H. L. Gray, by complainants, as the solicitors of record for complainants in said cause, and for the purpose of making such other and further orders herein as shall seem meet and proper.

"3. That the parties to this cause, and the said C. R. Layton and H. L. Gray, do proceed to take testimony before this Court as to the respective interests of the parties, complainants and defendants, in and to the lands sought to be partitioned in this suit; as to the amount of services rendered in said cause by the said C. R. Layton and H. L. Gray as solicitors for complainants, up to the day of their discharge as such solicitors of record; as to what would be a reasonable attorney's fee to be allowed said solicitors for said services so rendered; and as to the amount of costs, if any, advanced by said solicitors or by either of the parties to this suit. And sixty (60) days from the date of this order is hereby allowed for the taking of said testimony.

"4. That the separate motions filed by the complainant and defendants herein praying that this cause be dismissed be, and the same are hereby denied until the further order of this Court."

It appears to us that the Chancellor has jurisdiction of the parties and the subject matter and may determine the issues presented by the petition. It is not proper for us to here determine what the final decree of the Chancellor should be in this regard. The motion to strike the return of C. R. Layton and H. L. Gray and H. L. Sebring is denied. The demurrer to the return of H. L. Sebring as Judge is overruled and the Rule is discharged without prejudice to the parties to present to the Chancellor any issues which may properly be joined in the court below and without prejudice to the determination of any such issues in that court or

in this Court on appeal, should appeal be taken from orders of the Chancellor in that regard.

Rule *nisi* discharged.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concurs.

DAVIS, C. J. (concurring).—I concur in discharging the rule but reserve opinion as to whether or not the Chancellor can, under any circumstances, charge the land interests of the dependents in the dismissed case, with any portion of the costs or attorney's fees which the complainant has occasioned by instituting and abandoning her suit. That question can be decided on appeal should the Chancellor attempt to charge the interests of the defendants for an attorney's fee from which it is claimed they have derived and can derive no benefits in the form of an adjudication by way of a decree of partition.

WHITFIELD, J., concurs.