HELEN PHIFER GLASS, *et al.*, v. C. R. LAYTON, and
H. L. BRAY.

164 So. 284.
En Banc.
Opinion Filed October 28, 1935.
Rehearing Denied December 3, 1935.

*J. C. Adkins,* and *Herbert S. Phillips,* for Appellants;
*Hampton, Jordan & Lazonby,* for Appellees.

WHITFIELD, C. J.—On September 22, 1932, a bill for an
accounting and for partition of real and personal property

was brought by Helen Phifer Glass, joined by her husband, A. M. Glass, against J. A. Phifer and H. L. Phifer, as administrators of the estate of W. B. Phifer, deceased, and J. A. Phifer and H. L. Phifer, individually, and J. A. Phifer and H. L. Phifer as officers of W. B. Phifer Company, Phifer Brothers, Inc., and Wilson Company, Mary Phifer McKenzie, a widow, and Asenath Phifer Hall, joined by her husband, C. Stewart Hall. Answers were filed denying allegations of the bill of complaint affecting the merits of the cause, one answer containing a motion to dismiss the bill of complaint on grounds going to the merits.

On October 11, 1934, the plaintiff, Helen Phifer Glass, a widow, filed a petition in the cause stating

"That on September 22nd, 1932, C. R. Layton and H. L. Gray, as attorneys representing the Plaintiff, filed in the Circuit Court of Alachua County, Florida, a certain suit wherein Helen Phifer Glass, joined by her husband, A. M. Glass, are Plaintiffs and J. A. Phifer and H. L. Phifer, as administrators of the estate of W. B. Phifer, deceased, J. A. Phifer and H. L. Phifer, individually, are defendants which said cause is now pending in this court and has not been terminated.

"That the subject matter involved in said litigation is the property of Helen Phifer Glass and as a married woman involved exclusively her separate statutory property and estate.

"That the Attorneys filing said suit for the Plaintiff were employed by A. Martin Glass, or A. M. Glass, during the time of the marriage of A. Martin Glass and Helen Phifer Glass.

"That on the 24th day of April, A. D. 1934, a final decree of divorce was entered by the Judge of the Circuit

Court for the Ninth Judicial Circuit of Florida divorcing this petitioner from the said A. M. Glass.

"That since the final decree of divorce was granted and at no time when Helen Phifer Glass was a widow has she ratified or confirmed in any manner the institution of said suit and said litigation or the employment of said Attorneys filing the suit in behalf of the Plaintiffs' named therein.

"That since granting the final decree of divorce, as a widow, she has requested Messrs. C. R. Layton and H. L. Gray to procure the dismissal of the litigation and notified said attorneys that she, as a widow, did not ratify or confirm the said litigation instituted or commenced during the time that she was a married woman.

"As a widow, she is desirous of procuring the dismissal of said litigation and since the said attorneys have refused and neglected to dismiss said litigation she hereby consents and agrees and moves the court that said litigation be dismissed.

"Whereof she moves that the court may make and enter an order dismissing said litigation."

On October 17, 1934, C. R. Layton and H. L. Gray filed the following petition in the cause:

"Come now C. R. LAYTON and H. L. GRAY, by their Attorneys, Hampton, Jordan and Lazonby, and represents unto this Honorable Court that on or about the 1st day of September, 1931, Helen Phifer Glass and A. M. Glass, her husband, employed your Petitioners to file a Bill against the Defendants herein seeking a partition of certain properties, real and personal, and praying for an accounting from J. A. Phifer and H. L. Phifer, as Administrators of the Estate of W. B. Phifer, deceased, as in and by said Bill set forth.

"Your Petitioners would show unto this Honorable Court that upon completion of the said Bill the said Complainant,

Helen Phifer Glass, read and examined the same, separate and apart from her husband, the said A. M. Glass, and took oath as to the truth of said Bill before a Notary Public; that at all times the said Helen Phifer Glass acquiesced in the preparation of the Complainants' case.

"Your Petitioners would show unto the Court that on the 22nd day of September, 1932, the said Bill of Complaint was filed, and that on the 15th day of November, 1932, the Defendants filed their Answer thereto.

"Your Petitioners would further show that a Decree of Divorce was granted the said Helen Phifer Glass from her husband, the said A. M. Glass; that after such decree of divorce the said Helen Phifer Glass ratified her actions as to this case, made when she was a married woman; that after such ratification the said Helen Phifer Glass notified your Petitioners to dismiss the said suit, which your Petitioners have refused to do.

"Your Petitioners would further show unto the Court that the Complainant, Helen Phifer Glass, and the Defendants herein, without the knowledge or consent of your Petitioners, entered into an agreement or settlement, which agreement or settlement made no provision for the payment of your Petitioners; that the said suit was filed by your Petitioners in good faith, that they have performed extensive services, that no compensation whatever has been paid to your Petitioners by the said Complainants or by anyone in their behalf, and that under that statute in such cases made and provided your Petitioners on the filing of said suit became, were and are entitled to a reasonable Attorneys' Fee; that by virtue of the fact that your Petitioners have received no compensation for their services your Petitioners have a lien upon the property, real and personal,

described in the said Bill of Complaint and Answer thereto, for the payment of said Attorneys' Fees.

"WHEREUPON your Petitioners pray:

"1st; That the dismissal of this cause be stayed until such time as Your Honor can determine a reasonable Attorneys' Fee due your Petitioners, and after such determination that Your Honor will order and decree that the Complainants and the Defendants do pay said Attorney's Fees together with the costs of this suit in accordance with their *pro rata* share in said property, and that your Petitioners do have a judgment against each of said parties, which judgment shall constitute a lien upon the properties in this suit described, for such Attorneys' Fees and costs."

On October 22, 1934, the defendants by counsel presented the following motion:

"Now on this day come the Defendants by their undersigned Solicitor and respectfully represent to the Court that this cause involves a very large amount of property, both real and personal, and that at the time of the institution of the suit a *Lis Pendens* notice was filed which is now of record and this cause is now pending before the Court, and that no judgment, decree or final termination of said cause has been made by the Court and that the pendency of this suit has and will seriously handicap these Defendants in the transaction of business in the usual and ordinary course of affairs and will result in serious detriment to Helen Phifer Glass and to these Defendants; that the said Helen Phifer Glass, a widow, has filed with the Court her Petition for the dismissal of this cause;

"WHEREFORE Defendants now move the Court to dismiss said cause with or without prejudice as to the Court may seem just and equitable."

The defendants by counsel also moved to strike the petition filed by C. R. Layton and H. L. Gray.

On November 2, 1934, the court made the following order:

"This cause coming on to be heard upon the separate motions to dismiss and terminate this cause, filed by the Complainant, Helen Phifer Glass, and by the Defendants herein; and upon the Petition filed by C. R. Layton and H. L. Gray, praying for the allowance of a reasonable attorney's fee for their service as complainants' solicitors of record herein; and upon the motion filed by the defendants to strike the said petition praying for the allowance of a reasonable attorney's fee; and the several motions and petitions having been severally submitted and argued by counsel for the respective parties; and the Court being of the opinion that the parties hereto are entitled to have said suit dismissed upon the payment by them of costs and charges of said suit, including a reasonable attorney's fee to complainants' solicitors, which, by the Laws of Florida, is allowed in cases of this kind; and that a share of the same should be paid by the complainants and the defendants in proportion to his, her, or their interest in the lands involved herein; and the Court being advised of its judgment in the premises; it is, upon consideration thereof, ORDERED, ADJUDGED AND DECREED as follows:

"1.  That the motion to strike the petition of C. R. Layton and H. L. Gray be, and the same is hereby denied.

"2.  That the prayer of the said petition of C. R. Layton and H. L. Gray be, and the same is hereby granted; and in this regard, the Court hereby retains jurisdiction of said cause, the parties and the subject matter of this cause for the purpose of making an inquiry as to the proper amount to be allowed to the said C. R. Layton and H. L. Gray, on

a *quantum meruit*, for the services rendered by said solicitors in said cause up to the day of the discharge of said C. R. Layton and R. L. Gray, by Complainants, as the solicitors of record for complainants in said cause, and for the purpose of making such other and further orders herein as shall seem meet and proper.

"3. That the parties to this cause, and the said C. R. Layton and H. L. Gray, do proceed to take testimony before this Court as to the respective interests of the parties, complainants and defendants, in and to the lands sought to be partitioned in this suit; as to the amount of services rendered in said cause by the said C. R. Layton and H. L. Gray as solicitors for complainants, up to the day of their discharge as such solicitors of record; as to what would be a reasonable attorney's fee to be allowed said solicitors for said services so rendered; and as to the amount of costs, if any, advanced by said solicitors or by either of the parties to this suit. And sixty (60) days from the date of this order is hereby allowed for the taking of said testimony.

"4. That the separate motions filed by the complainant and defendents herein praying that this cause be dismissed be, and the same are hereby denied until the further order of this Court.

"Exceptions are hereby severally noted for the parties hereto, as to all adverse rulings of the Court."

In Prohibition proceedings in this court, it was held that the Chancellor had jurisdiction in the premises and the Rule in Prohibition was discharged without prejudice to the determination of the issues by the Chancellor or in this court on appeal, should appeal be taken from orders of the Chancellor in the premises. State, *ex rel.* Glass, v. Sebring, 117 Fla. 788, 158 So. 446.

On January 23, 1935, the plaintiff, Helen Phifer Glass,

and the defendants took an appeal from the order above quoted, making C. R. Layton and H. L. Gray "defendants to this appeal."

Under the statute allowing appeals from interlocutory orders and decrees, 4961 (3169) C. G. L., and under the order in the Prohibition proceedings, the parties had a right to take this appeal.

Upon the applications of the parties to dismiss the appeal and upon the petition of C. R. Layton and H. L. Gray as shown above, it was within the province of the Chancellor to withhold an order dismissing the cause until appropriate and reasonable attorney's fees are paid or secured to the petitioners by those of the parties who are legally liable for the fees.

In this case the defendants are in no way obligated or liable for the payment of attorney's fees for plaintiff's counsel. The right of plaintiff to maintain the suit was contested by the defendants and the plaintiffs' counsel have acquired no right against the defendants in bringing a suit for the plaintiffs which was moved to be dismssed after the challenge by the defendants of the asserted equities of the bill of complaint.

Section 5001 (3209) C. G. L., contemplated that when partition is decreed the interests of all parties entitled to partition in the suit will be served by counsel for the complainants in conducting the partition proceedings, such service to be compensated for by all the parties to the suit according to their interests in the property partitioned. Where, as in this case, the bill for partition filed by complainants' counsel is challenged as being without merit and the complainants move for a dismissal of the cause, which is acquiesced in by the defendants, to impose attorney's fees upon the defendants against whom no contractual or other

liability for such attorney fees is made to appear, would in effect be a deprivation or a taking of property without due process of law.

Whatever claim counsel for the plaintiffs may have for professional services rendered in the cause, it is against the plaintiffs who secured or accepted the professional services and against the interest of such plaintiffs, if any, in the property in controversy.

The order of the Chancellor does not conform to this holding and such order is reversed for further appropriate proceedings.

It is so ordered.

TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.