HELEN PHIFER GLASS v. C. R. LAYTON and H. L. GRAY.

192 So. 330
Opinion Filed April 22, 1937
On Petition for Rehearing November 21, 1939
Rehearing Denied December 15, 1939

*Herbert S. Phillips,* for Appellant;

*Hampton, Jordan, Lazonby & Dell,* for Appellees;

*J. C. Adkins,* as *Amicus Curiae.*

WHITFIELD, P. J.—On September 22, 1932, Helen Phifer Glass, joined by her husband, A. Martin Glass, brought a suit in the Circuit Court for Alachua County, Florida, for

an accounting and for the partition of the property of the estate of the late W. B. Phifer among his heirs, Helen Phifer Glass being one of the heirs.

Pending the suit for partition, Helen Phifer Glass and A. Martin Glass were divorced in April, 1934. On October 1, 1934, Helen Phifer Glass in proper person filed a motion to dismiss the partition suit brought by her and her husband in 1932.

On October 17, 1934, C. R. Layton and H. L. Gray, counsel for the plaintiffs in the partition suit, filed a petition in such suit alleging that they had not been paid for their services in bringing the partition suit, and praying that the dismissal of said cause be stayed until the costs and charges, including a reasonable attorney's fee to compensate them as solicitors of record, are adjudicated.

On October 22, 1934, defendants joined the plaintiff, Helen Phifer Glass, in moving to dismiss the partition suit, and moved to strike the petition for an adjudication of attorney's fees in the cause.

On November 2, 1934, the circuit court ordered that the court retain jurisdiction of the cause for the purpose of ascertaining reasonable attorneys' fees for the petitioning attorneys. This Court declined to prohibit the circuit judge from properly proceeding to ascertain such attorneys' fees. State *ex rel.* v. Sebring, Judge, 117 Fla. 788, 158 So. 446. An appeal was taken from the order of November 2, 1934, by the plaintiff and the defendants against the petitioners. This Court on October 28, 1935, held that the circuit court had jurisdiction of the cause, the subject matter and the parties, and "would withhold order dismissing cause until reasonable attorney fees were paid or secured by those liable therefor," even though the defendants in the partition suit were not liable for the attorney fees. Glass v. Layton, 121 Fla. 462, 164 So. 284.

On January 13, 1936, the circuit court, on motion of counsel for the defendants, dismissed the cause "as to all said defendants in accordance with the decision and opinion of the Supreme Court of Florida filed October 28, 1935, reported in 164 Southern Reporter, page 284." On January 13, 1936, the plaintiff, Helen Phifer Glass, moved the Court to dismiss the partition suit, with or without prejudice, which motion to dismiss the suit was stricken by the Court, and the plaintiff, Helen Phifer Glass, was given time to answer the petition as to attorney fees. An answer was filed. Other proceedings were had, and on March 24, 1936, an order was made, from which order an appeal was taken by Helen Phifer Glass, a widow.

The appeal incorporates the order appealed from as follows:

### "ENTRY OF APPEAL

"Comes now Helen Phifer Glass, unmarried, the sole remaining respondent named in the petition filed by C. R. Layton and H. L. Gray for an attorneys' fee on a *quantum meruit,* and enters this her appeal to the Supreme Court of the State of Florida from that certain interlocutory order and decree of the Circuit Court of Alachua County, Florida, entered by the Honorable George W. Jackson, as Judge *pro haec vice,* in the above styled cause, on the 24th day of March, A. D. 1936, and appeals from all of said interlocutory order and decree adverse to this respondent, which said order appealed from reads as follows:

" 'This cause coming on to be heard upon motion of respondent, Helen Phifer Glass, to amend her answer to the petition of Layton and Gray, petitioners,—the motion of respondent, incorporated in her said answer and the renewal thereof, with additional grounds, to strike the petition of Layton and Gray or transfer the same and the answer of

respondent and the amendment thereto, and the said petition, to the law side of the Circuit Court of Alachua County, Florida, there to be proceeded with in accordance with the course of the common law and rules of procedure governing common law actions, as provided by Section 75 of the Chancery Act 1931,—the renewal of motion of petitioners to strike the answer of respondent and the said motion incorporated therein,—the motion of petitioners to strike the amendment of respondent to her answer,—and the motion of petitioners for an order appointing an examiner to take testimony on the issues made by the said petition of Layton and Gray and the answer of respondent thereto,—and the same having been argued by counsel for petitioners and respondent;

"'It Is, Upon Consideration Thereof, Ordered, Adjudged and Decreed:

"'1. That the motion of respondent to amend her answer be, and the same is hereby granted.

"'2. That the motion of Helen Phifer Glass to strike the petition of Layton and Gray, incorporated in her answer, amendments thereto, and renewal thereof, be, and the same is hereby denied.

"'3. That the motion of petitioners to strike respondent's answer and amendments thereto be and the same is hereby granted as to the first, third, fourth, fifth, sixth, seventh, eighth, tenth, eleventh, and fourteenth paragraphs thereof.

"'4. That the motion of respondent, and renewal thereof, incorporated in her answer, and amendments thereto and renewal thereof, to transfer the petition of Layton and Gray and answer thereto to the law side of the court, be, and the same is hereby denied.

"'5. That Ida Abrams be, and she is, hereby appointed examiner to take the testimony in the above cause and report

the same to this court—and that sixty days from the date hereof be allowed the parties within which to take testimony, unless further enlarged by stipulation of the attorneys for respective parties, or order of the court.

"'DONE AND ORDERED in Chambers at St. Augustine, Florida, on the 24th day of March, A. D. 1936.

"'GEO. W. JACKSON,
Judge *pro haec vice.*'"

The interlocutory orders specifically asserted to be erroneous in the first, second, third and sixth assignments of error were not included in the entry of appeal from the interlocutory order appealed from.

"Where the appeal is not from a final decree but only from an interlocutory order or decree, errors assigned on other interlocutory orders not specifically appealed from will not be considered by the appellate court." Prall v. Prall, 58 Fla. 496 (H. N. 10), 50 So. 857, 26 L. R. A. (N. S.) 577.

See also Morgan v. Howell, 74 Fla. 334, 76 So. 869; Bostwick v. Van Sant, 98 Fla. 565, 124 So. 14; City of Miami v. Miami Realty, Loan & Guaranty Co., 57 Fla. 366, 49 So. 55; Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. 722; 111 Am. St. Repts. 77; Wiggins v. Williams, 36 Fla. 637, 18 So. 859, 30 L. R. A. 754; City of Palmetto v. Katsch, 86 Fla. 506, 98 So. 352; Amos v. Postal Telegraph-Cable Co., 76 Fla. 465, 80 So. 293; Mann v. Jennings, 25 Fla. 730, 6 So. 771; Lenfesty v. Coe, 26 Fla. 49, 7 So. 2; Robinson v. Croker, 117 Fla. 582, 158 So. 123; Hale v. Yeager, 57 Fla. 442, 49 So. 544.

It is contended for the appellant that the legal effect of the order dismissing the partition suit as to all the defendants therein is to "operate as a complete dismissal and termination of the partition suit," so that the court cannot now

legally proceed in that suit to adjudicate attorney fees to counsel for the plaintiffs to be paid by the plaintiff.

The present sole plaintiff joined by her then husband brought a suit in equity for partition under the statute, and in doing so subjected herself to the jurisdiction of the forum which acquired jurisdiction of the parties to and of the subject matter of the cause. While the parties and the subject matter were within the jurisdiction of the court in the partition suit; the court had full power to adjudicate the rights of all parties under the statute and equity principles, and this Court held that the circuit court in the partition suit, with all parties to the suit before the court, could adjudicate attorney fees to counsel for plaintiff in the cause against the parties who are shown to be liable therefor, it being stated by this Court that, on the facts of the case, such attorney fees could not legally be adjudged against the defendants in the cause. But this Court had reference to the partition suit then pending with the plaintiffs and defendants before the Court making a cause in law and in fact pending before the Court. The petition for the adjudication of attorney fees was filed in the partition suit, and was not the institution of a suit for attorney fees in the cause.

After the decree of this Court as stated above, the circuit court dismissed the suit as to all of the defendants, leaving no cause or suit pending against any one as defendant in the cause. There being now no suit or cause pending because there is no defendant in the cause, the law does not contemplate that the cause may be now considered as a suit or action against the original (now sole) plaintiff, by the attorneys who petitioned for their fees in the cause that was pending till the suit was dismissed as to all the defendants. The petitioning attorneys in the cause are not parties plaintiff or defendant in the suit or cause.

No appeal was taken from the order dismissing the suit as to all the defendants, which order was made by the circuit judge upon a misapprehension of the opinion and decision of this Court predicated upon the assumption that the suit then pending with both plaintiffs and defendants before the Court in the cause would be retained by the circuit court until the attorney fees could be adjudicated in the pending cause, and not anticipating the subsequent dismissal of the suit as to all the defendants in the suit, even though no adjudication of attorney fees could legally be made against the defendants in the suit because they challenged the equity of the bill of complaint, and the plaintiff thereafter sought to dismiss the suit.

This Court has not held that the circuit court did not have the authority to dismiss the partition suit, but held that the circuit court would not be prohibited from retaining jurisdiction of the partition suit for the purpose of adjudicating therein the attorney fees and costs claimed by the petitioning attorneys who brought the partition suit. The order of the circuit court retaining jurisdiction of the partition suit was reversed for appropriate proceedings by this Court with a statement that the defendants in the partition suit were not liable for the attorney fees, not that the cause should be dismissed as to all the defendants.

The partition suit having been dismissed as to all the defendants in the suit, and no objection or appeal being taken to the dismissal by the petitioning attorneys, their claim has become a mere assumpsit demand to be prosecuted in an action at law.

The orders appealed from are reversed for appropriate proceedings.

ELLIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

Davis, J., dissents in part.

Davis, J. (dissenting in part).—I think that it is immaterial that the suit was dismissed as to all of the defendants, or that no appeal was taken from that order. The dismissal was not complete for all purposes until the land which formed its subject matter had been discharged of the liability that had arisen against it by operation of law because of the effort to partition it by judicial proceedings. The principle applicable here is that underlying the rule that obtains as to restitution upon reversal of a judgment by an appellate court. See: Florence Cotton & Iron Co. v. Louisville Baking Co., 138 Ala. 588, 36 Sou. Rep. 466, 100 A. S. R. 50. The power of restitution is an equitable process by which any court is authorized to make appropriate orders to enforce liabilities that have been incurred by the parties to litigation on the strength of judicial processes that have been proven futile or been abandoned. I think the foregoing principle sufficiently vested the court with power to retain jurisdiction of its partition suit, even after it dismissed it as to defendants, to compel the responsible party to discharge the liability for costs and charges that had arisen against his part of the *res eo instante* the suit was instituted in the first instance. My view is that under such circumstances the partition proceeding is converted by operation of law into one *in rem* for the purpose of discharging the liability of responsible parties for the costs and attorney's fees incurred by its institution.

## On Petition for Rehearing

Terrell, C. J.—The record here discloses that a partition suit was filed in September, 1932, by Helen Phifer Glass and her husband, A. Martin Glass, against J. A. and H. L. Phifer, as administrators of the estate of W. B. Phifer, that the Glasses were represented in said litigation by the ap-

pellees herein, that defendants filed their answer in due course, motions to dismiss and to strike were denied, and an order of reference was entered by the chancellor.

In April, 1934, Helen Phifer Glass and her husband were divorced. In October, 1934, Helen Phifer Glass and defendants in the partition suit both filed separate motions to dismiss that suit. In the same month, Appellees Layton and Gray filed a petition alleging that Helen Phifer Glass and defendants without their knowledge had entered into an agreement of settlement of the partition suit which made no provision for costs and charges which they had expended nor for attorneys' fees due them for conducting said litigation. The petition prayed that the chancellor stay the dismissal of the cause until the costs and charges including a reasonable attorneys' fee were paid.

In November, 1934, the chancellor decreed that the court retain jurisdiction of the cause for the purpose of making an inquiry as to the proper amount that should be allowed appellees for costs and attorneys' fees up to the time of their discharge. Helen Phifer Glass and defendants then secured a writ of prohibition from this Court seeking to restrain the chancellor from exercising further jurisdiction in the cause. We held that the chancellor had jurisdiction of the subject matter and the parties. State *ex rel*. Glass v. Sebring, 117 Fla. 788, 158 So. 446. See also Glass, *et al.,* v. Layton, *et al.,* 121 Fla. 462, 164 So. 284, and our opinion herein filed April 22, 1937.

Helen Phifer Glass and defendants then appealed from the order of reference. We there held that it was within the province of the chancellor to refuse to dismiss until reasonable attorneys' fees had been secured to petitioners by those legally liable therefor. We further held that defendants were in no sense obligated or liable for the fees of

plaintiff's counsel when no contractual relation was shown. It was further in effect held that the claim of appellees for attorneys' fees became an assumpsit demand which could be prosecuted in an action at law. Glass v. Layton, *et al.,* opinion filed April 22, 1937, *supra.*

On petition for rehearing, the respective parties were permitted to file briefs on the question of whether or not appellees should be granted leave to apply to the circuit court for permission to present a bill in the nature of a bill of review seeking vacation of the order dismissing the defendants from the partition suit and for such further proceedings as may be according to law. This is the question with which we are now concerned.

The briefs have been submitted and in consideration of them, the whole controversy has again been reviewed. It appears that appellees were employed by Helen Phifer Glass and her husband to bring the partition suit, that it was prosecuted as authorized by law, Section 4994, *et seq.,* Compiled General Laws of 1927, that Section 5001, Compiled General Laws of 1927, contemplates that judgment for the costs, including attorneys' fees, shall be imposed against every party interested in the subject matter of the partition whether complainant or respondent in proportion to their interest but not until the partition is completed.

In this case, the partition did not proceed to final judgment before the defendants were dismissed on motion of both parties. It is charged that the motion to dismiss was collusive. If that is true, a judgment for costs and attorneys' fees should not be defeated in this manner. It is shown that appellees were employed by the complainant and that up to the time of their discharge, they pressed the partition litigation in good faith relying on their contract with complainant. The cause was dismissed without their

knowledge or consent and their discharge was for no fault whatever on their part. If counsel can be disposed of in this manner, then their claim for fees and expenses is nothing more than a pipe dream.

It is as much the duty of litigants to keep faith with counsel as for counsel to keep faith with litigants and when it comes to partition matters, the statute provides for attorneys' fees as part of the costs. It appears further that the orders of the court below dismissing defendants from the partition suit was made under misapprehension. Opinion filed April 22, 1937, in Glass, *et al.,* v. Layton, *et al., supra.*

It is accordingly our view that our former judgment should be modified with directions to the chancellor to reinstate the cause and proceed to ascertain the costs, including a reasonable attorneys' fee, that were incurred by appellees up to the time they were discharged. If he find that the motion to dismiss was collusive, the entire amount imposed for costs and attorneys' fees shall be charged against all parties as contemplated by Section 5001, Compiled General Laws of 1927, but if he find that Helen Phifer Glass was solely responsible for the motion to dismiss, then such costs and fees shall be charged against her in like manner.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.