McCORD, Judge.
This is an appeal from final judgment in an action brought for dissolution of a partnership between appellant and appellee, a partition of the real property of the partnership and an accounting of the patnership assets. The question raised on this appeal was limited by appellant Greene on oral argument to the issue of whether or not the court erred in failing to assess costs and attorneys fees.
The trial in the court below had progressed through final hearing and the court had directed that an order be drawn dissolving the partnership, partitioning the property and appointing commissioners to ascertain whether or not the real property was divisible in kind. On the following day (before the final judgment was prepared) appellee Galloway submitted to Greene a written buy or sell offer to which Greene made a written acceptance. Galloway’s subsequent refusal to convey the property resulted in a collateral lawsuit between the parties in which specific performance was decreed and Galloway then conveyed the property to Greene. On June 2, 1975, the trial judge entered an order denying Greene’s motion for assessment of attorneys fees and on June 18, 1975, he entered the final judgment from which this appeal was taken, ruling as follows with respect to assessment of attorneys fees:
“The court finds that all other issues between the parties including assessment of attorney fees, were effectively resolved as a result of a Final Judgment being rendered in the collateral lawsuit between the parties prior to rendition of a written Final Judgment in this cause.”
Section 64.081, Florida Statutes, relating to partition of property provides as follows:
“Every party shall be bound by the judgment to pay a share of the costs, including attorneys’ fees to plaintiff’s or defendant’s attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to his interest. Such judgment is binding on all his goods and chattels, lands or tenements . . . ”
Here, after much of the work had been done by the attorneys in the partition suit, the real property was sold by one of the parties to the other with no stipulation relating to payment of attorneys fees or costs. *54 In the absence of a stipulation to the contrary, the trial court erred in not following the dictates of § 64.081, Florida Statutes, above quoted. Compare State ex rel Glass v. Sebring, 117 Fla. 788, 158 So. 446 (1935), and Adler v. Schekter Fla.App.(3d), 197 So.2d 46 (1967).
Reversed and remanded with directions to assess costs and reasonable attorneys fees pursuant to the foregoing statute, both as to the proceedings below and the proceedings on this appeal.
BOYER, C. J., and LEE, THOMAS E., Associate Judge, concur.